[No. 2,257.]

# C. L. PURDY AND C. MILLIKIN *v.* W. P. BULLARD AND M. SULLIVAN.

RESCISSION OF CONTRACT.—A party to a contract is not entitled to a judgment rescinding the same, on the ground of fraudulent representations, unless he has been injured by reason of his reliance on such representations.

COMPLAINT IN ACTION TO RESCIND CONTRACT.—In an action to rescind a sale of real estate, on the ground of fraudulent representations, security, averred in the complaint to have been given for the purchase money, will be presumed to be adequate unless the contrary is expressly averred.

RESCINDING PART OF A CONTRACT.—Where a contract is not severable, and there are good grounds for its rescission, one party is not at liberty to rescind one part of it, and leave the residue in full force. P. proposed to sell to B. a hotel, and to effect the sale, P. deeded the property to C., who paid him part of the purchase money, and C. contracted with B. to give him a deed when he was repaid the money thus advanced. B. then gave P. security for the remainder of the purchase money, and assigned his contract with C. to S. *Held*, that the whole matter constituted one entire contract.

MORTGAGE IN EQUITY—OFFER TO REFUND MONEY.—Where P. contracts with B. to sell him his hotel, and, to effect the sale, executes to C. a conveyance thereof, upon C. advancing to P. part of the purchase money, and C. gives B. a contract for a deed when the money he has advanced is repaid, and B. gives P. security for the balance, as between the parties, the sale and conveyance will be deemed, in equity, a mortgage to secure the payment by B. to C. of the sum advanced; and in such case a complaint, to set aside the contract for fraudulent representations of B., must aver an offer to refund C. his money.

APPEAL from the District Court of the Seventh Judicial District, County of Sonoma.

The plaintiffs appealed.
The other facts are stated in the opinion.

*F. D. Colton*, for Appellants.

Bullard's representations were fraudulently made. The plaintiffs believed and relied on them. They now ask that the contract be rescinded so far as Bullard and his assignee with notice, Sullivan, is concerned. (*Gifford* v. *Carvill*, 29 Cal. 589.)

*George Pearce*, for Respondents.

An action cannot be maintained on a false representation as to the bare fact of title. (*Peabody* v. *Phelps*, 9 Cal. 213.) For aught that appears in the complaint, the cows and farming implements may have been worth more than four thousand dollars. If the deed and bill of sale to Millikin were taken as security, there can be no pretense for setting aside the contract of the parties, thus solemnly made, without some charge or allegations of misrepresentations as to the title, value, or condition of the cows or farming implements. (2 Parsons on Contracts, 60, 61.) The cows and farming implements may have been worth, and may now be worth, more than the sum of four thousand dollars, the complaint being entirely silent as to the value of either, and the complaint must be construed against the appellants.

*F. D. Colton*, in reply:

The point that the complaint does not aver that the cows and farming utensils were worth less than four thousand dollars, was not made below. Taking, however, the whole complaint together, we think it sufficiently appears they were worth less than that sum.

*Nathaniel Bennett*, also for Appellants.

As to contracts voidable on the ground of fraudulent representations, we refer the Court to Chitty on Contracts, in the third subdivision of the section headed "Of Contracts Illegal at Common Law," commencing at page 678 of ed. 1844, and notes; and Sec. 12, entitled "Of Fraud," of Chap. 3 of 2d vol. of Parsons on Contracts, p. 265 of ed. 1860. The principles laid down and elucidated by these authors appear to us most clearly to sustain the principle on which our complaint is founded.

By the Court, Rhodes, C. J.:

The leading facts stated in the complaint are as follows: The plaintiffs proposed to sell, and Bullard, one of the defendants, to buy, the New York Hotel, at Petaluma, with the furniture, bedding, etc., for nine thousand dollars, to be paid in the following manner: The plaintiffs were to convey to one Cobb the hotel and furniture, and Cobb was to pay the plaintiffs five thousand dollars, and to execute to Bullard a contract to convey to him the property on his paying to Cobb the five thousand dollars, with interest. The agreements, up to this point, were executed by the respective parties. The remaining four thousand dollars were to be paid as follows: Bullard represented that he was the owner of a certain farm, which was of the value of four thousand dollars; that he had bargained the farm to one Barlow for over three thousand dollars; that Barlow was to pay him in hand three thousand dollars, or give him his (Barlow's) note for that sum, with one Denman as surety; and that he was expecting Barlow daily to come to Petaluma to pay the money or give the note. This sum of money was to be paid to the plaintiffs, or the note last mentioned was to be assigned to them. Bullard was also to execute to them his

promissory note, with one Hill as surety, for the sum of one thousand dollars. Bullard represented that Barlow was prevented by the rain from coming to Petaluma, and Bullard, in order to secure to the plaintiffs the payment of the sum of three thousand dollars, to be paid by Barlow, or the assignment of the note of Barlow and Denman, conveyed to one of the plaintiffs the farm, and gave him a bill of sale of seven cows and all the farming utensils on the farm. It is alleged that Bullard neither paid the three thousand dollars, nor assigned the note of Barlow and Denman, nor made the note for one thousand dollars, nor paid that sum of money.

It is alleged that Bullard's representations, that he owned the farm, that the farm was of the value of four thousand dollars, that he had bargained the same to Barlow for a sum exceeding three thousand dollars, were false, and were made for the purpose of defrauding the plaintiffs, and that the plaintiffs believed those representations, and, relying on them, entered into the agreements above mentioned. The contract which was executed by Cobb to Bullard was assigned to Sullivan, who took it, with notice of all the facts relating to the whole transaction.

The plaintiffs seek to rescind the sale of the hotel property, on the ground of the false and fraudulent representations of Bullard. General demurrers to the complaint were interposed by the defendants; and the demurrers being sustained, and the plaintiffs declining to amend the complaint, judgment was rendered for the defendants. The fraudulent representations of Bullard, assuming that they are actionable, bear only on the matter of the payment of the sum of three thousand dollars. The plaintiffs are not entitled to rescind the contract, unless they have been injured by reason of their reliance on those representations. They accepted a conveyance of the farm, and a sale of the cows and farming utensils, as security for the performance of Bullard's agreement to pay that sum, or assign the note of Barlow and

Denman. It does not appear from the complaint that the security was inadequate. The value of the personal property is not stated; nor is it averred that it is not ample to secure the payment of the sum of three thousand dollars. The Court is not at liberty to indulge in speculations as to its probable value. The statement as to its value should have been direct, or, at least, it should have been averred that its value, together with the value, if any, of Bullard's interest in the farm, was insufficient to secure the performance of his agreement in respect to the payment of the sum of three thousand dollars. The security will be presumed to be adequate until the contrary is shown; and if it is adequate, the plaintiffs have suffered no injury by their reliance upon Bullard's false and fraudulent representation.

There is another point in the case which, I think, deserves notice. The general rule is that a contract cannot be rescinded in part. Where the contract is not severable, and there are good grounds for its rescission, one party is not at liberty to rescind one part of it, and leave the residue in full force.

The sale and conveyance of the hotel property, and the agreements in respect to the payment of the purchase money, constituted one entire contract. As between the parties to the contract, the sale and conveyance of the hotel property will be deemed, in equity, a mortgage to secure the payment by Bullard to Cobb of the sum of five thousand dollars, with interest. The complaint does not aver an offer on the part of the plaintiffs to pay to Cobb the money so advanced by him. Their offer to Bullard "to free him from or amply secure him against said contract with Cobb" is not an offer to rescind that portion of the contract. The offer to rescind, to be effectual, should have extended to the whole contract.

Judgment affirmed.