No. 6910.

## KELLY v. NORTHINGTON ET AL.

EVIDENCE.—*Expert.*—The testimony of an expert as to the relative value of the labor necessary to produce a crop, to that which is required to prepare it for shipment and market it, in an action by plaintiff for one-half of the proceeds of such crop raised by him on defendant's lands, is immaterial, and no error is committed in excluding it.

SAME.—*Weight of Evidence.*—The Supreme Court will not disturb a finding where there was evidence, though conflicting, tending to sustain it as to all the points in issue.

From the Warrick Circuit Court.

*I. S. Moore, D. V. Burns* and *C. S. Denny,* for appellant.

NIBLACK, C. J.—This was a suit by James Northington and Jesse W. Northington, against John B. Kelly, for one-half of the proceeds of a crop of tobacco, raised by the plaintiffs on the defendant's land, and was commenced before a justice of the peace.

The defendant, by way of counter-claim, set up a demand for damages, arising out of the contract under which the tobacco was raised, and for labor performed in the cultivation of the tobacco. Upon an appeal to the circuit court, and a trial by the court, there was a finding and judgment for the plaintiffs.

Questions are made here upon the exclusion of certain evidence offered at the trial, and upon the sufficiency of the evidence to sustain the finding of the court.

At the trial, the appellant called Ebenezer Hart, as an expert, to testify as to the relative value of the labor necessary to produce a crop of tobacco, to that which is required to prepare the tobacco for shipment, and for its shipment to market, but the court refused to permit the witness to testify as to such relative value, and the appellant complains of that refusal.

In what respect, however, the proposed evidence was material to the matters really in controversy between the parties has not been pointed out, and an examination of the record has failed to impress us with its materiality. We are, therefore, unable to see that the appellant was injured by its exclusion.

The evidence was quite conflicting in many respects, and it cannot be said that the finding of the court was strongly supported by the evidence; but, as to all the points at issue between the parties, there was evidence tending to sustain the finding, and beyond the ascertainment of that fact we are not required to consider the sufficiency of the evidence.

The judgment is affirmed, with costs.