JAMES M. RYAN, appellant, v. JOSEPH DAVIS, respondent.

SPECIFIC PERFORMANCE — *Memorandum — Insufficient description.* — A memorandum for the sale of land described the same as follows: " A piece of ground commencing on the corner of contemplated cross-street with Main, the cross-street supposed to be Eleventh avenue; said

ground running on a line of Main street one hundred feet front on the east, and extending back from Main street one hundred and twenty-five feet to an alley; and also two lots on Ewing street, one hundred feet front on the west side by one hundred and forty-one and one-half feet deep to an alley." *Held*, that such description was not sufficient to permit parol evidence to be introduced to identify it with the land intended to be conveyed, and that a specific performance of the contract should be refused.

*Appeal from Third District, Lewis and Clarke County.*

ERASTUS D. EDGERTON and T. H. CARTER, for appellant.

The only defense attempted in the case rests upon the insufficiency of the description of the premises sold in the written memorandum subscribed by defendant.

The complaint sets forth a good cause of action, as was held in overruling the demurrer.

It is proper to amplify the description. *Richards* v. *Snider*, 3 Pacific Rep. 177; *Meade* v. *Parker*, 115 Mass. 413.

The memorandum fully complies with the statute in stating consideration and being subscribed by party to be held to make the conveyance. R. S. 5th division, p. 435, sec. 162. The substance of contract is sufficient. *Frazier* v. *Howe*, 106 Ill. 574; 37 Cal. 250; Browne on Frauds, secs. 344*a*, 354*a; Williams* v. *Morris*, 95 U. S. 456.

When time of payment is not specified a reasonable time is implied.

As to sufficiency of description, see *Eggleston* v. *Wagner*, 46 Mich. 618; 14 N. Y. 584; 98 Mass. 545; 112 Mass. 15; 115 Mass. 413; 117 Mass. 96; 51 Ill. 343; 10 Conn. 192; 40 N. Y. 357.

Even in a deed the description is good if the land conveyed can be identified by aid of extrinsic evidence. 50 Tex. 365.

When a description is given with reasonable certainty the courts will allow parol evidence to apply it to the subject-matter. Such evidence will not be allowed to

contradict or vary the terms of the memorandum. *Baldwin* v. *Cerlin*, 46 Ind. 426.

Cases where defective memoranda have been held sufficient. 98 Mass. 545; *Ross* v. *Baker*, 22 Pa. St. 186; 32 Pa. St. 287; 65 Ill. 153; *Joseph* v. *Holt*, 37 Cal. 250; *White* v. *Motley*, 4 Baxter (Tenn.), 544; 1 Head, 560; 10 Conn. 192; 9 Neb. 180; 30 Minn. 389; 73 Maine, 186; 66 Ala. 345; 58 Md. 546.

Some states even allow parol evidence to supply omitted terms of contract. *Judah* v. *Hogan*, 67 Mo. 251; 22 Mo. 407; 56 Mo. 467. See, also, 1 Pet. 640; and for English cases, 2 P. Wms. 65; 9 Vesey, Jr. 351; id. 253; 13 Eng. L. & E. 163.

Bullard & Barber, for respondent.

The agreement lacks the essential terms of a contract and cannot be enforced. Browne on Frauds, sec. 385. A memorandum, to be sufficient under the statute, must leave nothing to rest in parol. 51 Mich. 636; 35 Mich. 434; 1 Sugden on Vendors, 134; 54 Miss. 596; 20 Tenn. 325; 2 Wheat. 336.

A pleader cannot supply defects in the agreement. *Fisher* v. *Kuhn*, 54 Miss. 483; 7 East, 558; 4 Bibb, 566; 48 Miss. 257; 52 Miss. 596; 9 Gill, 205.

There is nothing in memorandum to indicate the town, county, state or country where the premises lie, and they are bounded by a contemplated street only. It would apply equally well to a great many lots in Helena, even if it were conceded that the premises were in that vicinity.

Even if the description of one piece should be regarded as sufficient, there is no apportionment of consideration, and the whole must fall together.

Galbraith, J. This is an appeal from a judgment rendered in favor of the respondent and against the appellant upon the motion of the former for judgment on

the pleadings. This action was to compel the specific performance of a contract. The pleadings, so far as it is necessary to recite their statements, in order to understand the question presented, are as follows: The complaint alleges that the respondent, being seized in fee-simple of the real property hereafter described, in the city of Helena, on or about the 2d day of May, 1882, the appellant and respondent entered into an agreement by which the respondent, in consideration of $2,100 to be paid by the appellant, agreed to sell and convey to him the said property. The property consisted of lots described as follows: "A piece of ground commencing on the corner of contemplated cross-street with Main street, the cross-street supposed to be Eleventh avenue; said ground running on a line of Main street one hundred feet front on the east side of said Main street, and extending back from Main street one hundred and twenty-five feet to an alley; and also two lots on Ewing street one hundred feet front on the west side. of said Ewing street, by one hundred and forty-one and one-half feet deep, to an alley, and being further and more particularly described as to the said first mentioned property, commencing at a point on said· Main street, from which the northeast corner of government survey lot number three (3) of section thirty, township number ten (10) north of range number three (3) west, principal meridian of Montana, bears north two degrees forty-five minutes west, six hundred and forty-eight feet distant; thence north thirty degrees east along the cast line of Main street one hundred feet to a point; thence south sixty degrees east one hundred and twenty-five feet to a point on the west line of contemplated alley; thence south thirty degrees west along the west line of said alley, one hundred feet, to a point on the line of the contemplated Eleventh avenue, one hundred and twenty-five feet to the place of the beginning. And as to said Ewing street property, being more particularly described as beginning

at a point from which the northeast corner of government survey lot number three (3) of section thirty (30), township number ten (10) north, of range number three (3) west of the principal meridian of Montana, bears north seventy-one degrees thirty-six minutes west, one thousand six hundred and five feet distant; thence running north thirty degrees east along the west line of Ewing street one hundred feet to a point; thence north sixty degrees west one hundred and forty-one and one-half feet to a point; thence south sixty degrees east one hundred and forty-one and one-half feet to the place of beginning."

That at the time of the agreement $5 of the consideration was paid, and accepted by the respondent as part payment thereof. That at the time of entering into the agreement there was a written note or memorandum thereof, subscribed by the respondent. There then followed the usual averments of willingness and readiness of the appellant to perform his part of the contract, and tender by him of the balance of the purchase money and refusal thereof by the respondent. That since the date of the agreement the respondent has refused and still refuses to recognize the agreement, and that thereby the appellant has been damaged in the sum of $2,000. The answer denied that there was ever any other contract than the following, which was in writing:

"May 2, 1882, have sold James M. Ryan a piece of ground commencing on the corner of contemplated cross-street with Main, the cross-street supposed to be Eleventh avenue; said ground running on a line of Main street one hundred (100) feet front on the east, and extending back from Main street one hundred and twenty-five feet to an alley; and also two lots on Ewing street, one hundred feet front on the west side by one hundred and forty-one and one-half feet deep to an alley, for the sum of $2,100, the sum of $5 being paid to bind the bargain.

"In presence of B. F. HOOPER.
       (Signed)                       "JOSEPH DAVIS."

It denies that the appellant paid the above sum of $5 as part payment of the purchase money, or that such sum was ever so received by the respondent, or that he ever repudiated any contract or agreement between the appellant and respondent, or that appellant ever tendered performance of the said contract until the appellant had notified the respondent that he, the appellant, would not purchase the land referred to in said memorandum. There was no reply to this. It will, therefore, be presumed that the only contract between the parties was that contained in the written note or memorandum set forth in the answer. The only question presented in this case is whether or not this memorandum contains such a description of the property as constitutes it a contract or a note, or memorandum thereof, within the meaning of section 162, article 1, chapter 13, of the fifth division general laws, of the Revised Statutes of 1879, in relation to void and fraudulent conveyances and contracts, which reads as follows: "Every contract for the leasing for a longer term than one year, or for the sale of any lands or interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the parties by whom the lease or sale is to be made."

In determining the question presented in this case, we can only consider the memorandum itself. It is evident, upon an examination of the description contained in the instrument, that it is ambiguous. This is admitted; but it is claimed that this ambiguity may be explained by parol. We must first examine the description contained in this instrument to determine whether or not it is one which should be permitted to be explained by parol; in other words, whether or not it falls within the class of what are termed patent or latent ambiguities. In *Eggleston* v. *Wagner*, 46 Mich. 610, cited by appellant, Graves, J., says: "The degree of certainty with which the premises must be denoted is defined in many books, and the cases are extremely numerous in which the subject

has been illustrated. They are not all harmonious; but they agree in this, that it is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter. The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction, so that, with the assistance of external evidence, the description, without being contradicted or added to, can be connected with, and applied to, the very property intended, and to the exclusion of all other property. . . Whether the description answers the requirement of the statute is the question which occurs on the face of the papers, and is naturally preliminary to the introduction of testimony to connect the contract with the property; and the decision of it would regularly seem to be required on an inspection of the documents, and before the arrival of opportunity for any conflict of the kind referred to."

In *Bemers v. Andrews*, 52 Miss. 596, Simrall, C. J., said: "Every conveyance of land must define its identity or fix its locality. That may be done in two modes. The first is by so complete a description in the deed as points directly to the subject-matter; or, second, by referring to something *aliunde* the deed, which, when consulted, indicates the property." Can we say, by an examination of the description in this instrument, that it fits and comprehends the property, or that, without being added to, it can be connected with, and applied to, the very property intended, by the aid of extrinsic evidence, and to the exclusion of all other property? Or, when submitted to virtually the same test as laid down by C. J. Simrall, *supra*, "is the description so complete that it points directly to the subject-matter, or does it refer to something *aliunde* the instrument, which, when consulted, indicates the property?" The description in this case does not itself identify the property nor state

directly where it is. Neither does it indicate any extrinsic fact which will serve to fix its identity or locality. The more particular description contained in the complaint, after the description stated as contained in the memorandum, is not the description of property directly pointed out by the description contained in the memorandum, nor made by reference to any extrinsic fact stated in the memorandum, which, when connected, indicates the property described in such more particular description. This more particular description itself indicates that parol evidence must be wholly resorted to in order to designate the premises. When the agreement itself fails to identify the property, or to furnish the means by which it may be done, by pointing to some extrinsic fact by whose aid the ambiguity may be removed, to allow parol evidence to explain what was intended, would be to allow the entire consideration of a contract in relation to lands, on the part of the person conveying the property, to be proved by parol, and render useless and nugatory the above provision of the statute of frauds.

Judgment affirmed, with costs.