[No. 12848. In Bank. — January 29, 1889.]

## J. M. MARRINER, RESPONDENT, v. G. L. DENNISON, APPELLANT.

VENDOR AND PURCHASER — EXECUTORY CONTRACT OF SALE — DESCRIPTION —
PLEADING — EVIDENCE. — The rule as to particularity of description re-
quired in executory contracts to convey land is extremely liberal in favor
of their sufficiency. An incomplete description may be aided by extrin-
sic parol evidence to apply it to the subject-matter, provided the land
can be thereby identified, and a new description is not introduced into
the contract. But the complaint must aver the necessary extrinsic
matter, to show in connection with the description what particular land
was intended; and it is not sufficient in an action for damages for non-
performance of the contract to allege that by an imperfect description
contained in the contract the parties intended to convey certain prop-
erty, nor can such contract be received in evidence under such an aver-
ment.

ID. — FRAUD — RESCISSION — DAMAGES. — A purchaser cannot rescind a
contract releasing the vendor from an executory contract of sale, and
substituting a new contract for other property, merely on account of
fraudulent representations in procuring such release and substitution,
unless damage or injury is shown, to authorize such rescission; nor can he
maintain any action for damages, in such case, when, for aught that ap-
pears, he might have been benefited rather than injured by the second
contract.

ID. — VALUE OF SUBSTITUTED PROPERTY — PLEADING. — If an action is
brought for damages for fraud in procuring a release of a first contract
of sale, and in indorsing a new contract for other property, it is neces-
sary to allege the value of the substituted property as well as that of the
property first agreed to be sold, in order to show that any damage has
accrued from the fraud. If the action is for damages for breach of the
first contract, and not for the fraud, the fraud should not be alleged by
way of anticipation of an expected defense. In any view of the cause of
action, if the complaint avers a rescission of the second contract for
fraud, it must show damage from the fraud to justify the rescission, and
must aver the value of the substituted property.

ID. — SELLING PROPERTY TWICE — FALSE REPRESENTATIONS. — False repre-
sentations by a vendor as to his fears respecting a criminal prosecution
and imprisonment for selling property twice are not such representations
as a purchaser can rely upon, and are not ground for rescission of a con-
tract substituting other property for that first contracted to be sold. But
a misrepresentation as to the fact that the property had been before sold
is ground for such rescission, provided damage resulted from the substi-
tution of other property for that first contracted.

ID. — DUTY OF VENDOR TO DISCLOSE KNOWLEDGE — EVIDENCE OF FRAUD.
— It is not the duty of a vendor to disclose to the vendee his knowledge
of the proposed location of a railroad, affecting the value of the property

sold, but when he seeks to relieve himself by rescission of the contract of purchase, and fraud is charged in procuring such rescission, the fact of such knowledge by the vendor should be considered as a material circumstance tending to show fraud, as furnishing a motive for the attempt to relieve himself from his contract.

ID. — EVIDENCE — PAROL PROOF. — In an action for breach of a contract of purchase, where the complaint alleges that a contract which the defendant represented he had made before the contract with plaintiff was executed was in fact made afterward, the evidence of the second contracting party is relevant and material to prove the allegation; and he may testify by parol that such contract was made when the question is not as to the contents of a writing, but as to whether one has been made or not, and comes collaterally in issue.

EVIDENCE — CERTIFIED COPIES OF INSTRUMENTS. — It is error to admit in evidence certified copies of a deed and contract without accounting for the absence of the originals.

ID. — IMMATERIAL EVIDENCE — DISPROVING PLAINTIFF'S CASE. — Evidence on the part of the defendant to disprove what the plaintiff has failed to allege and prove, and which was necessary to sustain his cause of action, is properly excluded as immaterial.

INSTRUCTIONS — APPLICABILITY TO ISSUES. — A correct instruction upon a matter with respect to which the pleadings are silent, and upon which no issue is presented by them, is properly refused.

ID. — INSTRUCTION PARTLY ERRONEOUS. — An instruction asked as a whole, which is erroneous in part, is properly refused, though another part of the instruction be correct.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Clark*, for Appellant.

The contract upon which the suit was brought is within the provisions of the statute of frauds, and the memorandum of agreement set forth in the complaint is insufficient to satisfy the statute. (*King* v. *Wood*, 7 Mo. 389; *Holmes* v. *Evans*, 48 Miss. 247; 12 Am. Rep. 372; *Hudson* v. *King*, 2 Heisk. 560; *Clark* v. *Chambers*, 112 Mass. 19; *Holmes* v. *Johnston*, 12 Heisk. 155.) The same elements are necessary to constitute fraud, whether relied upon as a defense to a contract, or as the foundation of an action for damages. (*King* v. *Eagle Mills*, 10

Allen, 548; *Wilder* v. *De Con,* 18 Minn. 470.) There must be a false representation of a material fact made to one who, believing it to be true, acts upon it to his injury. (*Vernon* v. *Keys,* 12 East, 637.) For aught that appears, the second contract which plaintiff claims to have rescinded upon the ground of fraud was advantageous to him. (*Currey* v. *Keyser,* 30 Ind. 214; *Purdy* v. *Bullard,* 41 Cal. 444; *Commissioners S. J.* v. *Younger,* 29 Cal. 176.) The copies of the deed and contract were improperly admitted in evidence, the absence of the originals not being accounted for. (Code Civ. Proc., sec. 1951; *Brown* v. *Griffith,* 70 Cal. 14.) Mere passive concealment, where there is no fiduciary relation between the parties, and no legal obligation to make disclosures, is not fraud. (*Laidlaw* v. *Organ,* 2 Wheat. 178; *Smith* v. *Countryman,* 30 N. Y. 655; *Paddock* v. *Strowbridge,* 29 Vt. 470.)

*M. C. Hester,* and *Enoch Knight,* for Respondent.

The uncertain description might be made certain by extrinsic evidence. (2 Parsons on Contracts, 72; *Lick* v. *O'Donnell,* 3 Cal. 63; 58 Am. Dec. 383; *Stanley* v. *Green,* 12 Cal. 163; *McConnell* v. *Brillhart,* 17 Ill. 354; 65 Am. Dec. 661; *Howe* v. *Dewing,* 2 Gray, 476; *Little* v. *Little,* 36 N. H. 224; *Barry* v. *Coombe,* 1 Pet. 640; *Hawley* v. *Blackford,* 1 Dana, 1; *Couch* v. *Meeker,* 2 Conn. 302; 7 Am. Dec. 274.) A contract may be rescinded when the consent thereto has been obtained through fraud of the other party. (Civ. Code, secs. 1572 and 1689.)

WORKS, J.—Action by the vendee for damages for the breach of a contract to convey real estate.

The memorandum of agreement to convey was as follows:—

"This agreement made this day between G. L. Dennison, of Los Angeles, and J. U. Marriner, of Vineland, California, is as follows:—

"Said Dennison agrees to convey to said Marriner

*lots one, two, thirty-three, thirty-four, sixty, and fifty-nine in his subdivision of the Magee tract,* and for same six lots said Marriner agrees to convey to said Dennison the ten acres with new house and improvements on same built by him, and lot number fifty-two, building lots in Malden, Massachusetts, bought of E. S. Converse, size of lot 6,440 square feet, viz., 57½ feet by 115 deep."

It is alleged in the complaint that by this agreement it was intended by the parties thereto that the defendant was to convey to plaintiff within a reasonable time certain real estate in Los Angeles County, of which he then owned the equitable title, and which is specifically described; that plaintiff was ready, willing, and able to comply with the agreement on his part, and tendered a deed of conveyance to defendant as provided therein, and demanded a deed for the property. The complaint further alleges, in substance, that defendant represented that he could not comply with the contract, for the reason that prior to the execution of said agreement he had contracted to sell the land to another party; that he supposed the party had abandoned his purchase, but now he was insisting upon holding him to the contract, and that he, defendant, further represented to plaintiff that "he was in danger of indictment and criminal prosecution for selling the said lots to him after he had sold them to said other person, and that he was so fearful of being sent to the state prison for said offense that he could not sleep at night," and then proposed to plaintiff to deed him other lots if plaintiff would release him from said contract; that plaintiff was unwilling to release him, but defendant then, and at divers subsequent interviews, made and repeated said representations with so much earnestness and apparent sincerity, and manifested such real fear of said criminal prosecution, that plaintiff, then believing defendant's said statement and representations to be true, consented to take said other lots in lieu of those contracted for; that the representa-

tions were false and fraudulent, and made to induce plaintiff to release him from said contract, and thereby avoid an action for damages for the breach thereof; that the sale of said lots by defendant to another party was, in fact, subsequent to said agreement, and for a price far in excess of the consideration to be paid by the plaintiff, and at the time he was so released he had received a large part of the purchase-money, and that defendant had then become the owner of the legal title to the property; that plaintiff, upon the discovery of the facts, notified defendant that he rescinded the agreement whereby he agreed to release him from the original contract, and to take the other lots, and that he should require him to comply with his original contract, and tendered him a good and sufficient deed of himself and wife for the property to be conveyed by them under said agreement, and again demanded a deed, which defendant failed and refused to give.

It is alleged that the Dennison subdivision lots were, at the date of the contract, of the value of three thousand five hundred dollars, and had at the date of the release become, and continued to be, of the value of ten thousand dollars.

There is no allegation as to the value of the lots agreed to be taken in lieu of those originally contracted for.   The amount of damages is alleged to be seven thousand dollars, and the prayer is for judgment for that sum.

There was a demurrer to the complaint, on the ground that it did not state facts sufficient, which was overruled.

The answer expressly admits the execution of the original contract, and does not deny the making of the second agreement, whereby defendant agreed to convey other lots, but denies all of the other material allegations of the complaint.

In a separate count of the answer, it is alleged that by a contract made and entered into on or about the twenty-

third day of February, 1887, plaintiff and defendant mutually agreed to rescind said first agreement, and it was then mutually agreed by and between them that defendant should convey certain other lots in lieu of the lots described in said agreement, and that he had always been ready and willing to convey the same.

There was a trial by jury, and verdict for plaintiff for $3,188.55. The defendant moved for a new trial, which was denied, and he appeals from the judgment and order denying him a new trial.

Three objections are made to the complaint: (*a*) That the contract for the conveyance of the property contains no sufficient description of the real estate; (*b*) that the allegations of fraud are insufficient; (*c*) that there is no allegation that any damage resulted from the fraudulent representations made, or facts set out from which damages can be inferred.

(*a*.) The real estate is described in the agreement as lots 1, 2, 33, 34, 60, and 59 in his (defendant's) subdivision of the Magee tract. In what city, county, state, or country the land is situated does not appear. If the instrument were one attempting to convey title to property, its insufficiency would be apparent. But the rule as to the particularity of description required in executory contracts to convey is extremely liberal in favor of their sufficiency. The rule is, that where the description, so far as it goes, is consistent but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract, and the complaint must contain the averments of such extrinsic matter as may be necessary to render the description complete. (*Stanley* v. *Green*, 12 Cal. 162; *Lick* v. *O'Donnell*, 3 Cal. 63; 58 Am. Dec. 383; Fry on Specific Performance, 159 et seq.; *Torr* v. *Torr*, 20 Ind. 118; *Colerick* v. *Hooper*, 3 Ind. 316; *Baldwin* v. *Kerlin*, 46 Ind. 426; Brown on Statute of Frauds, sec. 385; *McConnell* v. *Brillhart*, 17 Ill. 360; 65

Am. Dec. 661.) But parol evidence cannot be heard to furnish a description. The only purpose for which such evidence can be heard is to apply the description given to the subject-matter. Thus if the description were *my* farm in Los Angeles County, an allegation in the complaint that I owned but one farm in said county, and where it was situated, would apply the description to the proper subject-matter, and render it certain. But if the description were *a* farm in Los Angeles County, it could not be rendered certain by the allegation of such extrinsic matter. (Brown on Statute of Frauds, sec. 396; *Baldwin* v. *Kerlin*, 46 Ind. 426, 431.)

It is not sufficient to allege that, by the imperfect description given in the contract, the parties *intended* to convey certain property. (Brown on Statute of Frauds; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Ryan* v. *Davis*, 5 Mont. 505; *Eggleston* v. *Wagner*, 46 Mich. 610; *Bowers* v. *Andrews*, 52 Miss. 596.)

Thus it is said in Brown on the Statute of Frauds, section 371: "The contract must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties."

Again in section 385: "It must of course appear from the memorandum what is the subject-matter of the defendant's engagement. Land, for instance, which is purported to be bargained for, must be so described that it may be identified." (See, to the same effect, *King* v. *Wood*, 7 Mo. 389; *Hudson* v. *King*, 2 Heisk. 560, 572; *Clark* v. *Chamberlin*, 112 Mass. 19; *Gigos* v. *Cochran*, 54 Ind. 593; *Newman* v. *Perrill*, 73 Ind. 152; *Ferris* v. *Irving*, 28 Cal. 645; *Richard* v. *Snider*, 11 Or. 197; *Ryan* v. *Davis*, 5 Mont. 505.)

It is not enough, as we have said, to allege that by such incomplete description the parties *intended* to convey a certain tract of land. Such extrinsic facts must be alleged as will, in connection with such description,

show that the particular piece of land was intended.    If the facts alleged, together with the description set out, are not sufficient to identify the land, the contract must be held to be void for uncertainty.

In *Ryan* v. *Davis*, 5 Mont. 505, it is said: "Can we say, by an examination of the description in this instrument, that it fits and comprehends the property?    Or that without being added to, it can be connected with and applied to the very property intended, by the aid of extrinsic evidence, and to the exclusion of all other property?    Or, when submitted to virtually the same test as laid down by Simrall, C. J., *supra*, 'is the description so complete that it points directly to the subject-matter, or does it refer to something *aliunde* the instrument, which, when consulted, indicates the property?'    The description in this case does not itself identify the property, nor state directly where it is; neither does it indicate any extrinsic fact which will serve to fix its identity or locality.    The more particular description contained in the complaint, after the description stated as contained in the memorandum, is not the description of property directly pointed out by the description contained in the memorandum, nor made by reference to any extrinsic fact stated in the memorandum, which, when connected, indicates the property described in such more particular description.    This more particular description itself indicates that parol evidence must be wholly resorted to in order to designate the premises.    When the agreement itself fails to identify the property, or to furnish the means by which it may be done, by pointing to some extrinsic fact by whose aid the ambiguity may be removed, to allow parol evidence to explain what was intended would be to allow the entire consideration of a contract in relation to lands, on the part of the person conveying the property, to be proved by parol, and render useless and nugatory the above provision of the statute of frauds."

Applying these well-established rules to the case before us, we are of the opinion that, properly aided by the allegation of extrinsic facts, the description in the contract might have been sufficient. If, for example, it had been alleged that the defendant was at the time of the contract the owner of lots 1, 2, 33, 34, 60, and 59 in his (defendant's) subdivision of the Magee tract, situate in lot 10, block O, of the San Pasqual tract, in the county of Los Angeles, state of California, according to the map of said subdivision on record in book 12, page 29, of Miscellaneous Records in the office of the recorder of said county, and upon which map said lots are delineated; that said lots were the only lots of said numbers, of any subdivision of defendant in any tract of land known as the Magee tract; that said lots were examined by the parties hereto before making said contract, and were verbally agreed upon as the ones for which the said contract was to be executed, and were the lots and property referred to therein, and the said subdivision was the only one then owned by the defendant, or known or designated as the Dennison subdivision of the Magee tract, — we think the complaint would have been sufficient in this respect. But the complaint under consideration contains no such allegations, or any others tending to aid the imperfect description set out in the contract. It simply alleges that, by the description given, it was the intention of the parties that the tracts of land specifically described in the complaint should be conveyed. But we have shown that this is not enough. The allegation that the parties intended to convey certain property is the allegation of a mere conclusion. Such intention must appear, as we have said, from the description given, and such extrinsic *facts* as are alleged in aid of it.

As the description, standing alone, is admittedly insufficient, and no facts in aid of it are alleged, the complaint must be held to be bad for that reason.

(b.) It is further claimed that the complaint does not

sufficiently allege the fraud in procuring the defendant's release from the original contract and the substitution of the new. The contention is, that the representations alleged to have been made were not as to existing facts or of such matters as were material, or that the plaintiff had a right to rely upon, and the following cases are cited: *King* v. *Eagle Mills*, 10 Allen, 548; *Wilder* v. *De Con*, 18 Minn. 470; *Board of Commissioners* v. *Younger*, 29 Cal. 176; 87 Am. Dec. 164.

We think counsel are right as to the rule of law contended for (see *Lawrence* v. *Gayetty, ante*, p. 126), and that most of the allegations are within the rule, but there is one allegation showing a representation as to a material and existing fact, viz., that the defendant had, prior to the contract with plaintiff, contracted with another to convey him the same property, and that he was insisting upon a compliance with the contract. The plaintiff, believing this statement to be true, might reasonably have supposed that it would be better to accept other property than to take a deed for this, which was contracted to another, and might become the subject of litigation because of such prior contract. This representation was sufficient to authorize a rescission of the second contract, if the complaint were sufficient in other respects. The other representations, to the effect that the defendant was afraid of being prosecuted and sent to state prison, and the like, were not such representations as the plaintiff had a right to act upon, and were no cause for such rescission. Treating these as surplusage, the complaint is sufficient as against this objection, there being one material false representation alleged.

(*c.*) The further objection to the complaint is, that no damages are shown. The action is peculiar. The fraud alleged is not in procuring the plaintiff to enter into the original contract as is usually the case, but in procuring the release of the defendant from the first contract, and inducing him to enter into a second contract, in lieu of

the first, by which he agrees to accept a conveyance for other and different property. The damage that would be the natural result of such misrepresentations, under the allegations of the complaint, arise from the substitution of other property for that originally contracted for, as the fraud mentioned is alleged to have been committed for the purpose of bringing about such substitution. Viewing the complaint in this light, it is subject to the objection urged against it. The value of the property alleged to have been substituted is not stated, nor are there any facts alleged from which it can be inferred that it was of any less value than that originally contracted for. Therefore, no damage is shown that could have been the result of the fraud charged. It is true the complaint alleges that the property first contracted for increased largely in value and was worth more than that which plaintiff was to convey to defendant, but the same may have been true of the property embraced in the second agreement. If so, the plaintiff was not injured by the fraud alleged.

The respondent attempts to meet this by saying that the action was not for the fraud, but for damages for the breach of the original contract. Then why plead the second contract or the fraud? The making of the second contract would have come properly from the defendant as a defense. If it was obtained by fraud, this could have been shown by the plaintiff without any pleading, under the loose rule obtaining in this state that a plaintiff may prove everything necessary to meet the answer without giving any notice thereof in any way. We think the complaint should be treated as one based upon the alleged fraud. If not, the complaint was greatly weakened by an unnecessary attempt to anticipate an expected defense.

Treating it as an action for the fraud, the demurrer to it should have been sustained on the ground that no damages were shown. As the plaintiff has taken upon

himself unnecessarily the burden of proving that the last contract was made and that the same was obtained by fraud, and for that reason had been rescinded by him, it was incumbent upon him, in any view that may be taken of the complaint, to show sufficient ground for such rescission, which rendered it necessary for him to allege such facts as would show that he was injured by the fraud alleged. Therefore, treating the complaint as one for damages for a breach of the original contract, the objection made to it is of equal force, and the demurrer should, in that view of it, have been sustained for the same reason. (*Purdy* v. *Bullard,* 41 Cal. 444.)

If the facts alleged were not sufficient to authorize a rescission of the second contract, damages could not be recovered for a breach of the first from the performance of which the defendant was thereby released.

The court permitted the plaintiff to prove by one Stett that he had purchased from the defendant the property in controversy subsequent to the contract with the plaintiff. The evidence was objected to as irrelevant and immaterial, and on the further ground that the written contract was the best evidence. The evidence was not irrelevant or immaterial. The complaint alleges that the contract to a third party, which the defendant represented he had made *before* the contract with plaintiff was executed, was, in fact, made *afterward.* The evidence was material as tending to prove this allegation. It was unnecessary that the written contract should have been introduced. We understand the rule to be that where the question is not as to the contents of a writing, but as to whether one has been made or not, and the question comes collaterally in issue, it may be proved by parol. (*Stanley* v. *Sutherland,* 54 Ind. 339, 353.)

The objection to the evidence was properly overruled.

3. The memorandum of agreement first entered into by the parties was offered in evidence, objected to by defendant on the ground that it contained no description

of the property, and the objection overruled.  This was error.  The instrument was insufficient, standing alone, for want of a proper description of the property, and as the complaint contained nothing which could aid it in this respect, it was immaterial under the pleadings.

4. The plaintiff was permitted, over defendant's objection, to introduce in evidence certified copies of a certain deed and contract without in any way accounting for the absence of the originals.  This was error.  (*Brown* v. *Griffith,* 70 Cal. 14.)

5. The defendant offered to prove the value of the property described in the second contract, and agreed to be conveyed in lieu of that mentioned in the first contract, with a view, we suppose, of showing that the former was of equal or greater value than the latter.  The court excluded the evidence, and of this the appellant complains.

As we have said, it was necessary for the plaintiff to allege and prove that the last property contracted for was of less value than the first, or other facts sufficient to show that he was damaged by the making of the last contract.  The burden of proof being thus cast upon the plaintiff, and no evidence having been offered by him with reference to the matter, the evidence offered by defendant was wholly unnecessary, and was properly excluded as immaterial.

6. The appellant also complains of the refusal of the court to give his instruction number two, by which the court was asked to instruct the jury that if the property described in the second contract was of equal value with that mentioned in the first, at the time the plaintiff agreed to take the former in lieu of the latter, the plaintiff was not damaged, and the jury should find for the defendant.  The instruction contained a correct statement of the law, and under proper pleadings should have been given, but as no issue as to the value of the prop-

erty described in the last contract was presented by the pleadings, it was properly refused.

7. The defendant asked the court to instruct the jury that the knowledge of the defendant, if he had any, that a railroad was to be located near the Dennison subdivision lots, was immaterial, and that he was not bound, and it was not his duty to communicate that fact to the plaintiff, and that the fact of such failure to do so should not be considered.

The first clause of this instruction was not good law. The second clause, as to the duty of the defendant to disclose his knowledge of the proposed location of the railroad, was correct. The fact that defendant had come into possession of a fact showing that the property first contracted for was likely to increase largely in value was a circumstance tending to show the fraud as furnishing a motive for the attempt to relieve himself from his contract; therefore it was not immaterial, and should have been considered by the jury. The instruction, being wrong in this particular, was properly refused, although the other proposition laid down may have been correct.

8. The court, over the defendant's objection, instructed the jury as follows:—

"The court instructs you, on the part of the plaintiff, that if you find from the evidence that defendant agreed to exchange the six lots described in the complaint to the plaintiff, and before the paper of January 13, 1887, was made the lots were pointed out to plaintiff on the ground, for the property of plaintiff described in the contract of January 13, 1887, and if you further believe from the evidence that defendant, by false statements and representations, deceived and induced the plaintiff to believe, and that the plaintiff did believe, either he had no title or had sold it to another, or that through false representations detailed in the evidence before you and believed by plaintiff, and he was so induced thereby to consent to the abandonment of the terms of the con-

tract of January 13, 1887, and that those representations so made by defendant were knowingly false, or made by him when he did not know them to be true, plaintiff was not bound by the engagement of March 14 or 16, 1887; and if you so find, your verdict should be for the plaintiff for the amount at least of the difference between the value of plaintiff's property on the 9th of July, 1887, and of the value of the six lots described in the complaint as belonging to defendant, and designated in the alleged contract of January 13, 1887."

This instruction was erroneous. It informed the jury in effect that the plaintiff might rescind the second contract, and recover for a breach of the first on the sole ground that the former was induced by fraudulent representations. It leaves out the material element of damage or injury which must be shown to authorize the rescission of a contract. For aught that appears by the complaint or the evidence, the plaintiff may have been benefited rather than injured by this second contract. If so, he has no cause of complaint or ground of action. The error in ruling upon the demurrer to the complaint is carried into this instruction.

9. For the reasons above stated, the court erred in denying defendant's motion for a nonsuit. The plaintiff had no cause of action on paper, and none was shown by the evidence. For these reasons, the nonsuit should have been granted. For the same reasons, the motion for a new trial was improperly overruled.

Judgment and order refusing a new trial reversed, with instructions to the court below to allow the parties to amend their pleadings.

McFARLAND, J., PATERSON, J., THORNTON, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.