No. 82-48

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

> Plaintiff and Respondent,

-vs-

JAY LEE GATES,

> Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
Douglas G. Harkin, Judge presiding.

Counsel of Record:

For Appellant:

Ferguson & Mitchell; Colleen M. Dowdall, Missoula,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps, County Attorney, Missoula,
Montana

---

Submitted on Briefs: May 20, 1982

Decided: July 15, 1982

Filed: JUL 15 1982

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals from the District Court's denial of his pro se motion to withdraw his guilty plea. We affirm.

On December 30, 1980, defendant was charged by information with forgery, a felony. He pleaded not guilty on January 7, 1981. On February 25, 1981, a hearing was held on defendant's pro se motion to change his plea to guilty. After extensive interrogation, the District Court accepted defendant's guilty plea and on April 8, 1981, sentenced him to twenty years at the Montana State Prison. Defendant was designated a dangerous offender.

Also at the April 8 hearing, defendant's attorney requested that defendant be allowed to change his plea to not guilty by reason of insanity, which was denied, and thereafter a notice of appeal was filed. While the additional transcripts were being prepared, defendant filed a pro se motion to withdraw his guilty plea. When the District Court set this motion for hearing, the notice of appeal was withdrawn. After a hearing on September 28, 1981, defendant's motion was denied, and he appeals.

One issue is presented for our consideration: Did the District Court abuse its discretion in denying defendant's motion to withdraw his guilty plea?

Both parties cite State v. Huttinger (1979), ____ Mont. ___, 595 P.2d 363, 36 St.Rep. 945, as setting the standards by which to judge defendant's case. In Huttinger we set out the factors to be considered when reviewing an attempted withdrawal of a guilty plea:

> "The three factors of which we speak are (1) the adequacy of the interrogation by the District Court of the defendant at the entry of

the guilty plea as to the defendant's understanding of the consequences of his plea, (2) the promptness with which the defendant attempts to withdraw the prior plea, and (3) the fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge . . ." ____ Mont. at ____, 595 P.2d at 366, 36 St.Rep. at 947.

Both sides agree that the second and third factors are inapplicable, i.e., the motion to withdraw the guilty plea was made in a timely fashion and there was no plea bargain in this case. This brings us to consideration of the first factor—the adequacy of the District Court's interrogation at the time plea was entered.

In this regard appellant points out that defendant had not discussed the change of his plea to guilty with his attorney and that there was some lack of communication and rapport between defendant and his attorney at that time. Appellant argues that from these facts it can be presumed that defendant did not fully understand the consequences of his guilty plea.

Appellant also contends that defendant's testimony at the hearing on the motion to withdraw his guilty plea indicated he was entering the plea for reasons other than the fact that he was guilty. He testified that he felt he had been in the Missoula County jail too long and that he heard voices telling him that pleading guilty was the only way to get out of there. Finally, appellant argues that the fact that the District Court knew that defendant had been in several mental institutions should have influenced the judge to allow the withdrawal of the guilty plea.

The State refers us to language in Huttinger wherein we quoted from State v. Lewis (1978), 177 Mont. 474, 485,

582 P.2d 346, 352, as follows:

> ". . . when in the sentencing procedure, the
> District Court carefully, as here, examines
> the defendant, finds him to be competent, and
> determines from him that his plea of guilty
> is voluntary, he understands the charge and
> his possible punishment, he is not acting
> under the influence of drugs or alcohol, he
> admits his counsel is competent and he has
> been well advised, and he declares in open
> court the facts upon which his guilt is
> based, then a plea of guilty accepted by the
> District Court on the basis of that examina-
> tion will be upheld . . ."

The State argues that the District Court complied with the above standard and even went beyond that in questioning the defendant, and the State points to the following factors. The District Court carefully examined the defendant and determined that defendant was competent and that the plea of guilty was being voluntarily entered. Defendant was fully advised of the charge and possible punishment and was not under the influence of drugs or alcohol.

With regard to the element in _Lewis_ regarding the competency of counsel, the State argues that the lack of communication did not deny defendant effective assistance of counsel because defendant had previously been fully advised on the merits of the case and the problems between defendant and his counsel were only personality differences. Finally, the State contends that defendant stated the facts in open court about how he had forged the checks.

Both parties agree that the denial of a motion to withdraw a guilty plea rests in the sound discretion of the trial court and will not be disturbed on appeal, absent the showing of abuse of discretion. _Huttinger_, supra; State ex rel. Gladue v. Eighth Judicial District (1978), 175 Mont. 509, 575 P.2d 65. We find that there was no abuse of dis-

-4-

cretion here.

After reviewing the transcript of the hearing where defendant entered his guilty plea, the District Court entered detailed findings regarding what had occurred at that hearing. In addition to the elements required by Lewis, supra, the court advised him of his right to trial by jury, to be confronted with witnesses against him, and that he had the right not to incriminate himself. Defendant stated he was in possession of all his faculties (and it appeared to the District Court that he was) and that the fact he was tired of being in the Missoula County jail had not influenced his decision to plead guilty. Moreover, defendant stated that the reason he was pleading guilty was because he had committed the crime, which he knew to be an unlawful act. Defendant acknowledged there was no plea bargain in the case and that the judge could impose a maximum sentence of twenty years in the Montana State Prison for the crime.

We hold that the District Court's interrogation of the defendant at the time of entering the guilty plea was adequate in this case, satisfying the first element of the Huttinger test, supra. Since both parties agree that the two other factors are inapplicable to this case, we find that the District Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea, Gladue, supra.

Affirmed.

_____
Chief Justice

-5-

We concur:

_____

_____

_____

_____
     Justices