## MENDENHALL v. ROSE.

### No. 15,058; August 10, 1893.

#### 33 Pac. 884.

**Real Estate Agent—Commissions—Written Contract.—R. Wrote** a Broker that, "if there is any possibility of selling both or either piece of property, see if you can make it this week. . . . . Also V. told me S. told him he had a man who wanted Hoza Bernal's place. . . . . You had better see S., and get hold of the buyer, . . . . for if V. finds out who it is he is bound to spoil the sale. . . . . In case you make a sale of the 29½ acre piece," a certain mortgage can remain on the place for one year. "Also the Ratke place, there can be" a mortgage for one year or longer. Held, that such letter did not authorize such broker to sell real estate situate in the county of A., "generally known as the 'Jose Reyes Bernal Rancho,'" or any other real estate, and was inadmissible in an action by such broker against R. for services in selling such real estate, under Civil Code, section 1624, subdivision 6, which requires agreements authorizing or employing brokers to sell real estate for compensation to be in writing. Such letter was not rendered admissible by evidence by plaintiff which tended only to apply the description in the complaint to a particular one of Jose Bernal's several tracts, and did not show which one of such several tracts was intended by the expression "Hoza Bernal's place," in such letter.[1]

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by William W. Mendenhall against Jason A. Rose to recover on a written contract for services rendered in the sale of certain real property. From a judgment for plaintiff, defendant appeals. Reversed.

D. M. Conner and Welles Whitmore for appellant; Lindley & Eickhoff for respondent.

[1] Cited and approved in Proulx v. Sacramento Valley Land Co. (Cal. App.), 126 Pac. 511, which says: "In short, a description of land sought to be sold under a broker's contract can be cured but not created by parol evidence."

Cited in Sanchez v. Yorba, 8 Cal. App. 494, 97 Pac. 206, as having no bearing on a case where the letter to the broker must be construed as authority to him to sell particular land at a particular price.

VANCLIEF, C.—It is alleged in the complaint in this action that by a written contract the defendant authorized and employed the plaintiff as his agent and broker to sell certain real property situate in the county of Alameda, "generally known as the 'Jose Reyes Bernal Rancho,'" and agreed to pay plaintiff for his services as such agent and broker what said services were reasonably worth. That thereafter "plaintiff found and secured for defendant a purchaser at a price satisfactory to defendant of the real property aforesaid, to whom said defendant sold said property." That the services so rendered by plaintiff for defendant were reasonably worth the sum of $950, no part of which has been paid, and for which he prays judgment. The defendant answered, specifically denying the alleged contract, authorization, and employment, and also denying the alleged services. The court found the facts as alleged by plaintiff, and rendered judgment accordingly, and the defendant appeals from the judgment and from an order denying his motion for a new trial.

To prove the alleged authorization and employment, the plaintiff offered in evidence the following letter:

"Pleasanton, Nov. 30, 1887.

"W. Mendenhall, Esq.

"Dear Sir: If there is any possibility of selling both or either piece of property, see if you can make it this week. If it is not sold this week, by the first of next week I will have to buy it right out, or let it slide. Also Mr. Vandervoort told me Mr. Saulsbury told him he had a man who wanted Hoza Bernal's place. I don't think there is any truth in it, but if there is you had better see Mr. Saulsbury, and get hold of the buyer, and keep hold of him; for if Vandervoort finds out who it is he is bound to spoil the sale. This letter is private, and you will do me the favor to burn it as soon as you read it. In case you make a sale of the 29½ acre piece, there can be $3,000 or $4,000 mortgage remain on the place for one year. Also the Ratke place, there can be $5,000 mortgage for one year or longer if the buyer or buyers so desire.

"Yours, truly,

"J. A. ROSE."

Written in lead pencil on reverse: "P. S. There is no hurry about. selling Bernal's for a week or two. Sell the others first, if possible. R."

To the introduction of this letter the defendant objected, on the grounds that it is not such an agreement in writing authorizing or employing plaintiff to sell real estate as is required by the sixth subdivision of section 1624 of the Civil Code; that it does not contain a description of the real estate which plaintiff was authorized to sell, nor refer to any other paper or writing containing such description; and that it is irrelevant, and does not tend to prove any allegation of the complaint. The court overruled defendant's objection, and admitted the letter as evidence, to which ruling the defendant excepted, and contends here that it was error.

I think defendant's objection should have been sustained, and, as this letter was the only written evidence offered of the authority or employment of plaintiff, the error in admitting it must be presumed to have been prejudicial to the defendant. The letter does not purport to authorize or employ the plaintiff to sell the real estate described by name ("Jose Reyes Bernal Rancho") in the complaint, or any other real estate; nor does it admit or acknowledge any prior authorization or employment to sell any real estate; nor does it purport to authorize a sale of "Hoza Bernal's place," wherever and whatever that may be; nor can authority from defendant to sell Jose Bernal's place be inferred from the letter, since such an inference involves the legal absurdity that defendant authorized and employed plaintiff to sell Bernal's property. The only object of the letter, to be inferred from its language, was to hurry a sale of the "29½" acre place and the "Ratke place," from which the only legitimate inference is that defendant was interested in the sale of those, and understood that plaintiff had authority to sell them; nothing more. But from the merely incidental reference to "Hoza [Jose] Bernal's place" it cannot be inferred that defendant was interested in or had authorized the sale of that place. The language of the letter is perfectly consistent with a total want of the authority and employment alleged in the complaint. Besides, the letter contains no description of "Hoza Bernal's place," even by name, by which it could have been identified as the land described in the complaint as "certain real property situate in the said county of Alameda (generally known as the 'Jose Reyes Bernal Rancho')," without proving at least that Jose Bernal owned only one place, that this one place was situate in the

county of Alameda, and was generally known as the "Jose Reyes Bernal Rancho." The evidence on the part of plaintiff to identify "Hoza [Jose] Bernal's place" as the real estate described in the complaint was a failure. The plaintiff himself testified: "The land I have been testifying about is known as the 'Jose Reyes Bernal Rancho.' Jose Reyes Bernal had other tracts of land in this immediate neighborhood. I don't know whether this land is a portion of Augustine Bernal's ranch or not. I knew Bernal had other tracts of land in Alameda county. I don't know that they were all spoken of generally as the 'Jose Reyes Bernal Rancho,' 'Bernal Land,' or 'Bernal's Place.' He lived in this place, and this place was known by that name. Always spoken to me that way by Rose and other people. I have learned since that he did have other places. I did not know it at that time. I know this was called the 'Jose Bernal Place,' because this was his place of residence. When you spoke of it that way everybody knew what you meant. It was the largest tract he had. I have heard this place called the 'Jose Reyes Bernal Rancho' by different parties for a good while. Mr. Rose called it by that name. At that time Jose Bernal resided on the place." This testimony tends only to apply the description in the complaint to a particular one of Jose Bernal's several tracts, but has not the slightest tendency to remove the ambiguity of the letter. It still remains wholly uncertain which one of Jose Bernal's tracts was intended by the expression "Hoza Bernal's place"; and what the parties intended by that expression could not have been proved directly by parol evidence, but only indirectly by evidence of such extraneous facts as would remove the uncertainty and ambiguity as above indicated: Marriner v. Dennison, 78 Cal. 202, 20 Pac. 386; Breckinridge v. Crocker, 78 Cal. 529, 21 Pac. 179. For the error of admitting in evidence the letter of the defendant I think the judgment and order should be reversed and the cause remanded.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded.