[Civ. No. 470.    Second Appellate District.—July 8, 1908.]

J. B. SANCHEZ, Respondent, v. P. J. YORBA, Appellant.

STATUTE OF FRAUDS—EMPLOYMENT OF REAL ESTATE BROKER BY LETTER—RECOVERY OF COMMISSIONS.—A letter written and signed by the defendant, addressed to plaintiff's assignor, who was a real estate broker, in which it is said: "With regard to the price on the Yorba Ranch $50 per acre is all right, and we also agree to pay regular commission fees in case of sale," sufficiently complies with the statute of frauds, and shows an employment of plaintiff's assignor by defendant to effect a sale; and where a purchaser was found by the real estate broker to whom a sale was effected, and title obtained from defendant and his sister, who were the owners of the land, plaintiff is entitled to recover from defendant regular broker's commissions therefor.

ID.—SUFFICIENCY OF COMPLAINT—EMPLOYMENT BY DEFENDANT—PERFORMANCE—OWNERSHIP IN DEFENDANT NOT ALLEGED.—The complaint to recover the broker's commissions from the defendant, which sufficiently alleges defendant's employment of the broker to sell the land described, and the broker's performance thereof by finding a purchaser to whom a sale of the land was effected through the broker's efforts, is not demurrable on the ground that it does not allege ownership of the land purchased in the defendant.

ID.—CONSTRUCTION OF CODE—OWNERSHIP IN EMPLOYER IMMATERIAL.—Under the statute of frauds embodied in section 1624 of the Civil Code, there is no reason why A should not, by a memorandum of contract, charge himself with the duty of paying C a commission for selling the lands of B. It is purely a matter of contract; and

it is immaterial, so far as concerns the right of the real estate agent to recover, whether the party to be charged under the contract is or is not the owner of the land to be sold.

ID.—SUFFICIENCY OF MEMORANDUM—DESCRIPTION OF LAND.—The statute does not require a formal written contract, but merely some note or memorandum thereon signed by the party to be charged; and such memorandum is not required to contain a full description of the land to be sold. The description thereof by name as the ''Yorba Ranch'' sufficiently furnishes the means of identifying the property.

ID.—IDENTIFICATION OF LAND BY PLEADINGS AND EVIDENCE.—The identification of the ''Yorba Ranch'' is fully established by the uncontroverted description thereof in the complaint, and by evidence leaving no question as to the identity of the property sold.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Variel & Hannon, for Appellant.

Avery & French, for Respondent.

SHAW, J.—This is an action to recover a real estate broker's commission for services alleged to have been performed in making a sale of certain lands owned by defendant and his sister.

It is alleged that the employment was by a written instrument subscribed by defendant, whereby defendant employed plaintiff's assignor, T. G. Yorba, to sell certain real estate situated in Orange county, California, known as the Yorba Ranch, and consisting of lots one to six, inclusive, of the Trinidad Yorba Estate, as shown by a certain map of the Rancho Canon de Santa Ana, and whereby defendant also agreed to pay said T. G. Yorba regular commission fees in case of a sale thereof. The complaint alleges: ''That said T. G. Yorba, in pursuance of said agreement himself and by his agents and employees did, on or about the 5th day of February, 1906, find and procure a purchaser therefor in one Jacob Stern, and caused said defendant and said Stern to come into communication with one another regarding a sale thereof; that said Stern was ready, able and willing to purchase said

land, and did, on or about the 10th day of May, 1906, purchase. lots numbers one (1), two (2), four (4), five (5), and six (6) thereof, containing 1378.86 acres, through the said efforts of said T. G. Yorba." That said sale was made for $69,000; that the regular commission fees for making such sale was five per cent on the sale price thereof; followed by allegations of nonpayment and due assignment of the claim to plaintiff.

The complaint contains a second count for the reasonable value of the services rendered by T. G. Yorba at the special instance and request of defendant in writing, in aiding and procuring the sale of said lands, with like allegations of nonpayment and assignment of the claim to plaintiff.

Judgment was rendered in favor of plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

Defendant's demurrer interposed to the complaint was overruled. This ruling is assigned as error, defendant contending that the complaint it insufficient by reason of the fact that it fails to allege that defendant was the owner of the real estate which it is alleged he employed plaintiff's assignor to sell. In support of this contention he cites, among other cases, *Crane* v. *McCormick,* 92 Cal. 176, [28 Pac. 222], where it is said: "A real estate agent's right of recovery depends entirely upon his contract with the owner of the land." And *McCarthy* v. *Loupe,* 62 Cal. 302, where it is said, in order to justify a recovery, "it is indispensable that he (the agent) should show that he was employed by the owner to make the sale." Neither of these cases constitutes authority in support of appellant's contention. In the former case, the point at issue was whether the facts entitled the agent to recover under the terms of the contract. The effect of the decision is to hold that the right of recovery in the agent must be measured by the contract, which in that case was made with one who was the owner of the land. In the latter case, the alleged agent, in the absence of any writing, sought to recover upon an implied promise, and in deciding that he could not recover thereon the court used the language quoted, the meaning of which, when applied to the facts, is quite clear and unambiguous. Subdivision 6 of section 1624, Civil Code, provides that: "An agreement authorizing or employing an

agent or broker to purchase or sell real estate for compensation or a commission is invalid unless the same, or some note or memorandum thereof, is in writing and subscribed (not by the owner but) by the party to be *charged,* or by his agent.'' Under the construction for which appellant contends, ordinary prudence would require an agent in his dealings to procure an abstract of title or resort to other means of ascertaining whether his principal had a clear and marketable title to the land which he was employed to sell. Under said section 1624, Civil Code, there is no reason why A should not by contract charge himself with the duty of paying C a commission for selling or finding a purchaser for the lands of B. It is purely a matter of contract, and it is immaterial, so far as concerns the agent's right to recover, whether the party to be charged therein is or is not the owner of the land which the agent is employed to sell. It is unnecessary to discuss other grounds of demurrer, suffice it to say there is no merit in them.

Appellant attacks a number of findings and insists that they are unsupported by the evidence. The chief question involved is the sufficiency of the written instrument under which it is sought to charge defendant with the payment of commissions. As said in *Toomy* v. *Dunphy,* 86 Cal. 640, [25 Pac. 130], ''the employment is the chief element in the contract''; and in Lawson's Rights, Remedies and Practice, volume 1, section 226, it is said: ''To entitle a real estate agent to recover the commissions for the sale of property he must show the employment.'' For the purpose of showing that defendant did employ plaintiff's assignor, a letter addressed to T. G. Yorba, by defendant, was offered and admitted in evidence over objections of the defendant. This letter, which forms the basis of this action, is as follows:

''Lordsburg, Calif., 12—12—1905.

''T. G. Yorba, Whittier, Calif.

''Dear Uncle: Yours received. I saw Francesca and she said $125 per acre is her price on her 44 acre lot. With regards to the price on the Yorba ranch, $50 per acre is all right, and we also agree to pay regular commission fees in case of sale. Remembrance to all the family.

''Your nephew,

''P. J. YORBA.''

The statute does not require that the employment or authorization shall be evidenced by a written contract, but merely that there shall be some note or memorandum thereof, signed by the party to be charged. In the case of *Grant* v. *Ede*, 85 Cal. 418, [20 Am. St. Rep. 237, 24 Pac. 890], the principal had in a letter, after referring to a conversation wherein the agent stated he could get $30,000 for a piece of property, said: "We will sell at that price, . . . and allow you 2½% on said price, and if no sale is made, no expenses made to us. William Ede." The agent, under the authority of this letter, executed a contract of sale to a proposed purchaser and it was sought to enforce the same. The court, in holding that the letter did not empower the agent to make a contract of sale binding upon his principal, in the course of its opinion, stated: "Without this written memorandum signed by the party to be charged, Martin (the agent) could not have recovered compensation for negotiating the sale of the property." It is true the question of recovery on the part of the agent was not involved in the action, but the language of the court is, nevertheless, significant. (See, also, *Lindley* v. *Fay*, 119 Cal. 239, [51 Pac. 333].) Appellant lays much stress upon the letter involved in the case of *Mendenhall* v. *Rose* (Cal.), 33 Pac. 884, but reference to this case shows that it bears no analogy to the case at bar. The court very properly held that the letter there considered did not purport to employ the agent to sell a certain tract of land referred to by the writer as the Hoza Bernal tract. The letter in the case at bar must be construed as a sufficient note or memorandum whereby T. G. Yorba was authorized to sell the land for the price named, and constitutes an agreement on defendant's part to pay him, in case of a sale, regular commissions therefor. Under this view, it was properly admitted in evidence as proof of the employment of plaintiff's assignor by the defendant, and fully supports the finding of the court with reference to the employment.

There is nothing in the point that the note or memorandum should have contained a full and accurate description of the land. The uncontroverted allegations of the complaint and evidence admit of no question as to the identity of the property sold with the Yorba ranch mentioned in the letter. Defendant himself testifies that the land described in the deed, whereby he conveyed it to one Ray acting for Stern,

the purchaser, is the Yorba ranch. The description of the land as the Yorba ranch furnishes the means for readily identifying the property. (*Ontario etc. Assn.* v. *Cutting F. P. Co.*, 134 Cal. 21, [86 Am. St. Rep. 231, 66 Pac. 28]; *Marriner* v. *Dennison*, 78 Cal. 208, [20 Pac. 386]; Browne on Statutes of Fraud, sec. 385.) In the case of *Mendenhall* v. *Rose* (Cal.), 33 Pac. 884, cited by appellant in support of his contention on this point, the court clearly points out wherein the letter there furnished no means for identifying the property.

The court found that T. G. Yorba, in pursuance of said agreement, himself and by his agents and employees, and on or about February 5, 1906, did find and procure a purchaser for said land in one Jacob Stern; that said Stern was ready, willing and able to purchase said land; and appellant contends that this finding is unsupported by the evidence. The evidence shows that on January 2, 1906, T. G. Yorba and J. B. Sanchez, plaintiff in the action, entered into a contract whereby after reciting that defendant had, in writing, authorized T. G. Yorba to sell the land in question, and agreed to pay him the usual commissions therefor, it was agreed that said T. G. Yorba and Sanchez should combine their efforts in an endeavor to sell the property, and in case they succeeded they would divide the commissions as therein provided. The evidence also tends to show that subsequent to this arrangement Sanchez had a conversation with defendant, wherein defendant said that his price for the land was $50 per acre, in accordance with his letter to T. G. Yorba. That on the sixth day of February, 1906, Sanchez notified defendant by 'phone that he had a man by the name of Stern who wanted to buy the ranch, and asked defendant if he knew him. Receiving an affirmative answer, he then asked defendant: "Do you think it will justify me in taking him out; has he got any money?" Defendant replied: "Yes, he has got money; you take him out," to which Sanchez replied: "All right; I take him out to-morrow." On the following day Sanchez met Mr. Stern and others at Fullerton and provided conveyances in which they were conducted by him to and over the property, Sanchez pointing out the corners. There is abundant testimony to show that Sanchez and Stern met frequently during a period of several weeks, the object of such meetings being the discussion of the proposed sale of the prop-

erty to Stern. On one of these occasions, according to plaintiff's testimony, he (Stern) brought with him his partner and asked plaintiff to give him the price of the land, to which plaintiff replied: "You can talk to Mr. Yorba in person; I will call him up." Stern replied: "No; I will think it over and will come in again." On May 10, 1906, defendant gave Stern an option on the land at $48.75 per acre, followed later by a deed of transfer. The evidence is ample in showing that both T. G. Yorba and plaintiff labored jointly in an effort to dispose of the property, and that defendant was fully aware that both parties were laboring to that end. Defendant himself testifies that at one meeting with a party who offered him $40 per acre T. G. Yorba was present. This was a meeting in response to a message from Sanchez, telling him that he had a purchaser and had $500 to close the deal.

Appellant attacks the finding that Stern was ready, willing and able to purchase the land. A sufficient answer to this contention is, that the evidence conclusively shows that he did purchase that portion known as the Yorba Ranch, and at a price satisfactory to defendant.

Appellant assigns error in the rulings of the court in the admission and exclusion of testimony, nearly all of which alleged errors, however, are based upon appellant's theory of the insufficiency of the letter to constitute an employment. What has been said upon this subject sufficiently disposes of these errors; suffice it to say that we find no prejudicial error in the rulings of the court in admitting evidence.

The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.