EDWARD F. JUDGE *et al. d.b.a.* WHALAN & JUDGE *vs.*
LEO R. ROY.

JULY 24, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of the case in assumpsit brought to recover a broker's commission on the sale of land in the city of Warwick. The case was tried before a justice of the superior court without the intervention of a jury. Subsequently a decision was rendered for the plaintiffs in the sum of $1,822.30. Thereafter the defendant duly prosecuted a bill of exceptions to this court containing an excep-

tion to the decision and other exceptions taken during the trial.

The declaration contains three counts. The first count alleges that on February 15, 1955 defendant was the owner of real estate situated on the southeasterly side of Post Road in the city of Warwick, laid out and delineated as lot 62 on assessor's plat No. 309; that on the same day defendant organized W & W Associates, Inc., a Rhode Island corporation; that on February 16, 1955 he conveyed the real estate to said corporation; that on or about May 1, 1955 defendant held himself out to be the owner of lot 62; that he alleged that he was desirous of selling the land and agreed with plaintiffs that if they would procure a buyer who was ready, willing and able to purchase such land for $35,000, or at any other price which defendant should decide to accept, he would pay them a commission of 5 per cent of the selling price; that on or about June 27, 1955 plaintiffs procured such a purchaser able to buy at a price acceptable to defendant; that W & W Associates, Inc. conveyed the land to the purchaser procured by plaintiffs, by deed dated October 18, 1955, for the price of $35,000; that said purchaser was procured by and through the efforts of plaintiffs; and that defendant promised to pay the commission to the plaintiffs but has failed to do so.

The second count is based on the common counts for the reasonable value of services rendered, while the third count is in indebitatus assumpsit. The defendant filed a plea of the general issue.

As stated, on February 15, 1955 and for some time prior thereto the defendant was the owner of a tract of land on the southeasterly side of Post Road in the city of Warwick, shown on assessor's plat No. 309 as lot 62. On February 16, 1955 defendant conveyed this land to W & W Associates, Inc. by warranty deed. · No revenue stamps were affixed to the deed. This was followed by a curative deed, so called,

of the same premises to the same grantee, dated October 18, 1955.

It appears from the evidence that W & W Associates, Inc. was a Rhode Island corporation; that a Mr. Williams and a Mr. Weiner were two of its stockholders; that defendant's sister Dora M. Roy was a stockholder as was also a brother Eugene Roy and a son Alfred P. Roy; and that in 1955 defendant Leo R. Roy was its president. It would seem from the evidence that the corporation was interested in obtaining a permit for a drive-in theater to be established on the land in question; that the plan for such a theater did not materialize; and that at the time the case was heard in the spring of 1958 the corporation had gone out of existence.

After defendant had conveyed lot 62 to W & W Associates, Inc. the latter corporation conveyed it to Norwood Development Corporation, a Rhode Island corporation, by deed dated October 18, 1955. Revenue stamps in the amount of $35.20 were affixed to this deed.

The agreement by virtue of which plaintiffs claim a commission was made with defendant and was oral in character. The trial justice found that plaintiffs had not sustained the burden of proof with respect to an agreement covering the selling price of the land and the rate of commission, but did find that they were entitled to recover from defendant on the common counts for the reasonable worth of their services. Were the plaintiffs the effective agents in bringing about a sale of lot 62 to Norwood Development Corporation? *G. L. & H. J. Gross* v. *Tillinghast,* 35 R. I. 298.

The plaintiff Edward F. Judge testified that he and plaintiff Mary L. Whalan were partners in the firm of Whalan & Judge, real estate brokers and insurance agents; that defendant began coming to their office in 1951 or 1952; that he engaged them to sell the land now occupied by Natco Products Corporation which includes lot 62; that he brought in a plat plan of the lot; that there were negotiations with several prospective buyers but nothing came of

these; that on June 27, 1955 Jack Levitt came to plaintiffs' office and Judge spoke to him about the land; that an appointment was made to view the land and on the following day he met Levitt, defendant and one other man on the land. Levitt was the treasurer of Natco Products Corporation and also treasurer of Norwood Development Corporation, the corporation to which the land in question was ultimately deeded by W & W Associates, Inc.

Thereafter an option was given by W & W Associates, Inc. by its president Leo R. Roy to Arthur S. Galkin, Robert Galkin and Jack Levitt under date of July 8, 1955. The option was for forty-five days and was a right to purchase lot 62 on assessor's plat No. 309 at a price of $25,000. An agreement was signed in August 1955 with W & W Associates, Inc. by defendant Leo R. Roy as president and by A. S. Galkin, in which the names of Arthur S. Galkin, Robert Galkin and Jack Levitt appear as parties of the first part. The agreement was for the sale and purchase of a tract of land described by metes and bounds which appears to be lot 62, although not so stated, and another tract which was a portion of lot 64. Said two tracts contained approximately 18 acres. Conveyance of the land was to be made on or before September 19, 1955 by warranty deed.

The details relating to the option, the agreement and the actual passing of title appear to have been taken care of by defendant himself and to a certain extent without the knowledge of plaintiff Judge, although Judge learned of the fact that papers were to be passed at the office of a title company and he appeared at the latter company's office, but for certain reasons the passing of title was continued for a few days.

Jack Levitt testified that, representing Natco Products Corporation, he was looking at different locations in Warwick and that his first contact with the land in question was through the firm of Whalan & Judge; that he talked with plaintiff Judge; that an appointment was made to

view the land which is now the property of Norwood Development Corporation; and that defendant was present at the time the land was viewed.

Without attempting to refer to all the evidence a careful reading of it in its entirety gives ample support to the finding of the trial justice that plaintiffs, at the request of defendant, procured a customer who was ready, willing and able to purchase the land and that plaintiffs were the effective agents in bringing about the sale eventually made to Norwood Development Corporation whose agent for the purpose was Jack Levitt. Being such agents the trial court was right in finding that plaintiffs were entitled to a commission. *Peckham* v. *Ashhurst*, 18 R. I. 376; *McCarthy* v. *McCarthy*, 49 R. I. 200; *Greene* v. *Mitchell*, R. I., 102 Atl. 516; *G. L. & H. J. Gross* v. *Tillinghast*, 35 R. I. 298; *Wine* v. *Lovett*, 80 R. I. 425. The defendant, while not conceding that plaintiffs are entitled to a commission, insists that claim has been made against the wrong person.

The record does not reveal that defendant ever told plaintiffs that he had conveyed the land nor did plaintiffs see the option or the agreement of sale. The trial justice found that defendant engaged plaintiffs as brokers and that he could do so without regard to where the record title was.

We are of the opinion that the trial justice could properly find that defendant could and did contract with plaintiffs to obtain a purchaser for lot 62. The defendant contends that he was released from any existing agreement for the sale of the land by the transfer of it from him to W & W Associates, Inc. on February 16, 1955, but such transfer was unknown to plaintiffs. Even were it known the appointment of June 28, 1955 made by plaintiff Judge at which time he, Levitt and defendant all inspected the land strongly indicates that defendant still looked to plaintiff Judge to sell the land if he could.

Nor is defendant's contention sound that since he was not the record holder of the title he could not be held for

the commission. It is stated in Gross, Real Estate Brokers, §206, page 214: "The fact that the party who employs the broker is not the owner of the property does not relieve him from liability for broker's commissions." See also *Sanchez* v. *Yorba,* 8 Cal. App. 490. There is strong evidence that after defendant's conveyance of lot 62 to W & W Associates, Inc. he was still the real party in interest. There is no merit in defendant's contention that if a commission were due to plaintiffs it was not due from him.

Again defendant asserts that plaintiffs had no authority to sell more of lot 62 than the portion fronting on the Post Road. This position cannot be sustained. In the beginning the plat plan was shown to plaintiffs on which appeared the entire tract. There were efforts to sell the whole and the whole was shown to Levitt and ultimately sold to the corporation of which he was an officer.

The defendant contends further that thereafter plaintiffs abandoned negotiations. It is true that later negotiations such as the option and agreement were handled by defendant. There is evidence from which the trial justice could reasonably conclude that defendant purposely did not acquaint plaintiffs with what was being done and that plaintiff Judge, through his own efforts, learned of the later negotiations and appeared at the office of the title company the first time it was planned to pass title, at which time he demanded a commission. The contention that there was an abandonment by plaintiffs is on the evidence not tenable.

The defendant contends also that the plaintiffs are not the proper plaintiffs; that suit has been brought by Judge and Whalan suing as partners; that suit, if brought, should have been by Whalan & Judge, Inc. This point was not raised in the pleadings. It appears in evidence that Whalan & Judge, Inc. was incorporated in 1949; that from the spring of 1952 Mary L. Whalan and Edward F. Judge did

business as partners; and that they continued to conduct their business as such to the time of the hearing of this case.

The trial justice found that the corporation was still in existence but that since 1952 business had been done and carried on by the partnership. The evidence supports the trial justice in his finding that suit was properly brought by plaintiffs Whalan and Judge as partners.

The sale to Norwood Development Corporation included lot 62 and an additional tract. This last tract was not sold through the efforts of plaintiffs and they make no claim for a commission on the sale of such tract. They do claim a commission of 5 per cent on the sale price of $32,000 on lot 62 and this was allowed by the trial justice. The uncontradicted testimony was that a broker's commission of 5 per cent on the sale price was usual and was proper on land such as lot 62.

After a careful consideration of all the evidence we are of the opinion that defendant has shown no valid reason why plaintiffs are not entitled to a commission on the sale of lot 62 as found by the trial justice.

In addition to defendant's exceptions to the decision of the trial justice he relies on twelve exceptions to rulings made by him during the trial. Exceptions 15, 21 and 22 were taken to rulings denying defendant's request that plaintiffs be required to elect whether they would rely on an alleged express contract or an implied contract. In each case defendant's motion for an election was denied. These rulings were correct. Under our procedure plaintiffs did what is commonly done. They declared on an express contract, the common counts and a count in indebitatus assumpsit and during the trial proceeded to offer the evidence which they possessed.

In *Eastman* v. *Dunn*, 34 R. I. 416, which was an action of assumpsit, the defendant moved that the plaintiff be required to elect whether he would rely on the first two counts in special assumpsit or on the last two in indebitatus as-

sumpsit. The motion was denied and an exception taken. No demurrer was filed nor was there any demurrer in the instant case. In the *Eastman* case this court sustained the trial justice, and at page 438 stated: "We see nothing inconsistent in the joining of these counts in one action, the parties being the same in each instance, and the matters alleged growing out of the same transaction. It is merely the ordinary instance of the pleader setting forth his cause of action in different counts, so that if he failed of proof upon one count he might succeed upon another."

The exceptions numbered 2, 3, 8, 9, 10, 11, 12, 14 and 20 relate to the admission or rejection of evidence. We have carefully read the transcript and are of the opinion that all of these exceptions are without merit. Exceptions neither briefed nor argued are deemed to be waived.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for plaintiffs.

*Israel Moses,* for defendant.