## GOLDSCHMIDT v. MAIER et al.

### L. A. No. 1050; September 14, 1903.

#### 73 Pac. 984.

**Trustee—Action Against Cotrustee.**—A Trustee cannot Maintain an action to recover possession of the trust property from his cotrustee, nor can he maintain an action for conversion on the sale of the trust property by the cotrustee when the trustees are authorized to sell the property.

Trover and Conversion.—A Leasehold Estate is not the Subject of an action for conversion.

Trust.—A Debtor Agreed to Transfer His Property to His Two Creditors, who agreed to take possession and sell the same, and turn over to the debtor any balance after the payment of the debts and expenses. The property was transferred to one of the creditors, who accepted the same as trustee for himself and the other creditor, and sold the property for a sum insufficient to reimburse himself for expenses and to pay any part of the claim of the other creditor. Held, that the other creditor, as beneficiary under the trust, could not maintain an action in trover for damages, his remedy being in equity for an accounting.

Trust.—Where, in Trover by a Beneficiary Against the Trustee under a trust authorizing a sale for the benefit of creditors, the court properly decided that trover could not be maintained, the admission of testimony of witnesses as to their failure to conduct the assigning debtor's business at a profit was not prejudicial error.

Trust.—A Finding That a Creditor had Made a Written Demand on another creditor, who had accepted the possession of the debtor's property as trustee for the creditors, to share pro rata in the distribution of the proceeds of any sale, and to be consulted as to the management of the property, and that the trustee did not comply with the demand, sufficiently covers an allegation in the former creditor's complaint that the trustee "refused to recognize the rights" of the former creditor, "and took exclusive possession of the property."

APPEAL from Superior Court, Los Angeles County; W. F. Fitzgerald, Judge.

Action by Max Goldschmidt against Joseph Maier and another. From a judgment for defendants, plaintiff appeals. Affirmed.

McKinley & Graff for appellant; Louis Gottschalk and A. W. Hutton for respondents.

PER CURIAM.—The plaintiff appeals from the judgment and from an order denying a new trial. In May, 1897, McInnis Bros. were the owners of a liquor saloon conducted in a leased building in Los Angeles, and, as found by the court, were then indebted to the copartners of Goldschmidt Bros. in the sum of $1,115.36, and to said corporation in the sum of $1,500; that said McInnis Bros., for the purpose of paying said indebtedness, proposed to said Goldschmidt Bros. and the defendants that they would transfer to them

all their interest in said property and business; said creditors, Goldschmidt Bros. and the defendants, should take possession, and either sell the same or do the best they could therewith, in order to pay said debt; that, if any balance remained after paying said debts and the expense of carrying on the business to the time of sale, it should be paid to McInnis Bros., but, if less was realized, the proceeds should be divided pro rata between Goldschmidt Bros. and said corporation in proportion to the amount of said indebtedness; that both of said parties consented thereto, but said proposal was not then carried out, but McInnis Bros. remained in possession about ten days, carrying on said business on their own account, and then delivered possession to said corporation defendant, which accepted the same as trustee for Goldschmidt Bros. and itself to sell said property, and apply the proceeds to the payment of the said respective claims, and neither the plaintiff nor Goldschmidt Bros., whose claims were assigned to plaintiff, obtained or had possession of said property at any time. Defendant Maier was the lessee of the building in which said saloon business was conducted, McInnis Bros. paying the lessor the rent. No sale of the property and business was made until April 1, 1899, when it was sold for $1,775, which was insufficient to reimburse said corporation for the expenses of carrying on the business and to pay any part of plaintiff's claim. On May 11, 1897, plaintiff's assignors gave notice to the corporation that it held said property as trustee for the purposes hereinbefore stated, and demanded that they be consulted as to the management of the property; that the corporation refused to do so, and that neither plaintiff nor his assignors produced any purchaser or claimed an accounting, or made any application to have said corporation declared a trustee, or to be recognized as cotrustees; that the value of said property and business, exclusive of the lease, did not, with the goodwill, exceed $500; and as to plaintiff's allegation that defendants took exclusive possession, and converted said property to their own use, the court found that neither of the defendants converted any part of the property; and as a conclusion of law the court found that plaintiff could not maintain this action for the alleged conversion, and is not entitled to judgment against the defendants, or either of them, but that said conclusion is

without prejudice to the right of plaintiff to maintain an action for an accounting, and that this action be dismissed, and entered judgment accordingly. Plaintiff moved for a new trial upon a statement of the case, and his motion was denied, and on appeal specifies several errors of law in ruling upon evidence, a failure to find upon certain issues, and also that the evidence is insufficient to justify certain findings.

We do not think it necessary to consider in detail the sufficiency of the evidence to justify the findings specified by appellant. As to each of them there was a material conflict in the evidence. Nor is it contended that the findings are not sufficient to support the judgment, though it is argued that a different judgment might and should have been rendered upon the same facts. It is said that the plaintiff had two remedies for the wrongful acts of the defendants—that they could have brought an action for an accounting, or an action for damages for the wrongful acts of the defendants; that, as defendants refused to manage the property according to the terms of the trust, plaintiff had the right to treat the acts of the defendant as a tort, and recover damages therefor. But appellant further says: "The Goldschmidts occupied a double relation to defendants; that both they and defendants were trustees and beneficiaries for themselves and each other." The possession of one trustee, however, is the possession of all, and each is entitled to the possession to the same extent, and the character of the possession of each is like that of copartners, joint tenants, or tenants in common: See Balch v. Jones, 61 Cal. 234. Prior to the sale made by defendants, neither the plaintiff nor his assignors could have maintained an action in claim and delivery to recover possession of the trust property, or any part of it, from their cotrustee; and, as the trustees were authorized to sell the property, a sale by defendants was not a conversion. Appellant's contention that the evidence was sufficient to maintain an action in trover cannot be sustained. If any additional reasons for our conclusion were required, it may be added that the property delivered by McInnis Bros. in trust included the business of said firm conducted in a building occupied under a lease which included certain personal property of the lessor, and a leasehold of real estate is not the subject of an action

of trover. As beneficiaries under a trust authorizing a sale, the Goldschmidt Bros. could not maintain an action in trover for damages. It is true a trustee may not use the influence or power which his position gives him to obtain any advantage over his beneficiary, and section 2234 of the Civil Code provides, "Every violation of the preceding provisions of this article is a fraud against the beneficiary of the trust," and fraud in the administration of a trust is peculiarly cognizable in equity.

The question whether defendants were authorized to sell the property on credit might be material in an action for an accounting, but here there is no allegation that a sale was made. The allegation is that defendants took exclusive possession, and converted the property and business to their own use; that the value thereof was $3,000, and plaintiff's damages $1,400. None of the several cases cited by appellant have any application to this case. As to what constitutes conversion, in its general application, there is no controversy. The case of People v. Van Ness, 79 Cal. 88, 12 Am. St. Rep. 134, 21 Pac. 554, was the case of a state officer who retained certain moneys received by him as such officer under a claim of right; but the state was not a cestui que trust or beneficiary under a trust, but a principal, and the officer its agent. Another was that of a factor who had disregarded the instructions of his principal. Others were bailees for hire. In all, the plaintiffs had the legal title. Counsel quote largely from Chetwood v. California National Bank, 113 Cal. 414, 45 Pac. 704. In that case Chetwood, the plaintiff, was a stockholder in the bank, and brought the action—the corporation refusing to sue—to recover a large sum for the use and benefit of the corporation. The complaint was in form and was entitled a bill in equity for an accounting and settlement of a trust, but contained "nothing more than a charge ex delicto against certain directors for a breach and nonperformance of their duties" by the three directors who constituted the executive committee, who, not regarding their duties, "and contriving together to injure and deceive the said corporation, neglected and omitted, etc.," and prayed that the defendants Thomas, Thompson and Wilson be held to an accounting of their said trust, that they restore the sum of $400,000, etc. The court made an "order of judgment" for the plaintiff, but the court was

unable to determine the amount, and ordered a reference to take proof thereof, etc. Pending further proceedings under the ''order of judgment,'' the plaintiff settled with two of the three directors for the sum of $27,500, which was paid, and caused a formal judgment of dismissal to be entered as to those two defendants, and prosecuted the action against the third director, and a judgment against him for the remainder of the amount found by the referee ($139,419) was rendered, from which the appeal was taken. The complaint charged the three defendants constituting the executive committee with a conspiracy to injure and deceive the corporation, and, having settled with two of the conspirators and received from them $27,500, and dismissed the action as to them, the court held that the plaintiff could not prosecute the action against the remaining conspirator, and said: ''For these wrongful acts defendants are liable in tort, and the fact that there might be another cause of action ex contractu is a matter entirely apart.'' In the case at bar a trust is alleged, as well as a tort for the conversion of the property, and the trial court found against the plaintiff as to the conversion, and we think the evidence, though conflicting, is sufficient to support the finding. And the court further found that McInnis Bros. delivered possession of said saloon to said corporation, which accepted the same as trustee for the benefit of itself and plaintiff's assignors, to manage and sell the same, and apply the proceeds to the payment of the claim of the said corporation and of the plaintiff. This finding clearly shows that the proceeding should have been in equity for an accounting, and that a sale under the trust was not a conversion.

It is further said by appellant that the court erred in permitting various witnesses to testify as to their failure to conduct the business of the saloon at a profit; but, in view of our conclusion that the judgment of the court should be affirmed upon grounds already stated, the exclusion of the evidence would not have benefited the plaintiff, nor did its reception injure him.

Lastly, it is contended by appellant that the court failed to find upon the following allegation of paragraph 7 of his complaint: ''That defendants refused to recognize the rights of Goldschmidt Bros. in the business and property and the management thereof, and took exclusive possession of the

property and business.'' This allegation is fully covered by the sixth finding, which recites the substance of the written demand of Goldschmidt Bros. of May 11, 1897, to the effect that they were entitled to share pro rata with the corporation in the distribution of the proceeds of any sale, and to be consulted before any sale be made, and offered to pay their share of the expenses, ''and also demanded to be consulted in all matters relating to the management of said property, and that said brewery did not comply with the terms of said notice, and refused to do so.'' We think this finding quite sufficient to cover said allegation.

The judgment and order appealed from are affirmed.