[Civ. No. 1371.  Second Appellate District.—September 22, 1913.]

WICKERSHAM COMPANY (a Corporation), Appellant, v. ARCHIE NICHOLS, Defendant; HANS CHRISTIAN HANSEN et al., Defendants and Respondents.

SURETYSHIP—LIABILITY ON BOND OF SALESMAN—MARKET VALUE OF GOODS.—Under a bond which recites that the principal has been employed to sell jewelry, and that there has been delivered to him certain articles and samples of jewelry, and that should he well and truly return them or pay over their value in the event of selling them, the obligation shall be void, the sureties are liable for the articles, whether samples or otherwise, intrusted to the principal for selling, but their liability extends only to the market value of the goods.

ID.—EXTENT OF SURETIES' LIABILITY—PRIVATE AGREEMENT.—While no private agreement between the employer and the salesman can increase the liabilities of the sureties, yet, since their obligation does not exceed that of the principal, they are entitled to a reduction from the market value in any amount to which, by such agreement, the salesman was entitled to retain as his commission.

ID.—FINDINGS OF COURT—WHEN MAY BE IGNORED.—The finding of the court that the value of the goods sold or appropriated was based upon the retail prices of plaintiff, may be ignored for the reason that there was no issue tendered as to the basis of value.

ID.—UNNECESSARY FINDINGS—WHEN NOT CONSIDERED.—A finding which is unnecessary, and which is in opposition to the admissions in the complaint, cannot be considered.

ID.—APPEAL—TRANSCRIPT—OPINION OF LOWER COURT.—The opinion of the trial court, which appears in the transcript, cannot be considered as determining any fact.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.  Wm. M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

E. L. Foster, and Charles A. Palmer, for Appellant.

Carpenter & Gibbons, for Respondents.

ALLEN, P. J.—Plaintiff's action was based upon an undertaking executed by Archie Nichols as principal, and Hans

Christian Hansen and H. H. Carpenter, as sureties. This undertaking was conditioned as follows:

"The condition of the above obligation is such that, whereas the said Wickersham, Company has employed the said Archie Nichols as salesman for the purpose of selling diamonds, watches, clocks, jewelry, and merchandise belonging to the jewelry business, and have delivered unto the said Archie Nichols articles and samples of diamonds, watches, clocks and jewelry of various kinds. Now, therefore, should the said Archie Nichols, well and truly return the said diamonds, watches, clocks, and jewelry so delivered, unto the said Wickersham Company; or in case the said Archie Nichols shall sell any of said merchandise, then in that case to pay over to the said Wickersham Company the value of such merchandise so sold; then this obligation to be void, otherwise to remain in force."

The record discloses that an agreement existed between Nichols and plaintiff, of which the sureties at the time of signing the bond were ignorant, to the effect that the goods delivered to Nichols, as between the parties, should have a value equal to plaintiff's retail price for kindred goods; that if Nichols sold any of the goods delivered to him he should be allowed a commission of twenty per cent, twenty-five per cent and thirty-three per cent; that upon the filing of the bond and under the agreement, plaintiff delivered to Nichols goods to the value of $17,059.35; that of such goods so delivered to him Nichols returned goods to the value of $14,606.66; that of such goods so delivered he sold goods to the value of $2,452.69, accounting to plaintiff only for the sum of $490. The complaint alleges that these goods so sold by Nichols were of the value of $2,504.20. This averment in the complaint as to the value of the sold goods is not denied in the answer filed by the sureties. The court, however, finds that this value of the goods sold was based upoon plaintiff's usual retail price, and that the commission of Nichols on account of such sale under his agreement amounted to $586.47. The court accordingly rendered judgment in favor of plaintiff and as against the principal for $1,376.32, but in favor of the sureties for their costs. From this judgment in favor of the sureties plaintiff appeals upon the judgment-roll.

It is obvious from the findings and the whole record that the trial court determined that under the terms of the bond the sureties were not liable for the value of any goods sold except such as were delivered as samples; that unless the goods delivered as samples were sold the sureties were not bound. We are of opinion that, under the conditions of this bond, the sureties were liable for the value of any articles of jewelry, whether samples or otherwise, intrusted to the principal for sale, but that their liability only extended to the market value of such goods so by the principal sold or appropriated to his own use. The word "Value" appearing in the bond must be taken to mean market value (*Kountz* v. *Kirkpatrick*, 72 Pa. 376, [13 Am. Rep. 687]; *In re McGhee's Estate*, 105 Iowa 9, [74 N. W. 695]; *Jonas* v. *Noel*, 98 Tenn. 440, [36 L. R. A. 862, 39 S. W. 724].) The sureties are entitled to stand upon the letter of their bond, and were in no wise affected by any private agreement between the principal and plaintiff, of which they had no knowledge. The allegation of the plaintiff's complaint that the goods sold had a value of $2,504.20 must have the same construction given it as to the word value as the sureties are entitled to when the same word is employed in the bond. While, as before said, no private agreement between the plaintiff and Nichols could increase the liablity of the sureties, nevertheless, in order that the sureties' obligation might not exceed that of the principal, the sureties were entitled to a reduction from the market value of any amount to which, by the agreement between plaintiff and Nichols, Nichols was entitled to retain as commission. The court, however, having found that under this agreement Nichols was entitled to twenty per cent, twenty-five per cent, and thirty-three per cent, such commissions would have aggregated the sum of $1,502.52. The finding of the court that the value of the goods sold or appropriated was based upon the retail prices of plaintiff, may be ignored for the reason that there was no issue tendered as to the basis of value. Plaintiff alleging the value, which must be accepted as the market value, and the sureties not denying this, the finding was unnecessary, and being in opposition to the admissions of the complaint, cannot be considered. While the opinion of the court, which appears in the transcript, cannot be considered as determining any fact,

yet from the peculiar character of the findings and the conclusions of law deduced therefrom, it is obvious that the court rendered the judgment in defendant's favor without regard to the market value of the goods, and upon the sole theory of the nonliability of the sureties for articles of merchandise sold other than samples. We are of opinion that justice demands a reversal of this judgment rendered in respondents' favor and a retrial of the cause be had, in order that the rights of the parties under the bond and evidence may be correctly determined.

The judgment in favor of the sureties is, therefore, reversed and cause remanded for a new trial.

James, J., and Shaw, J., concurred.