[Civ. No. 1638. First Appellate District.—February 15, 1916.]

# HENRIETTA S. DEAN, Respondent, v. GEORGE W. HAWES, Appellant.

Contract — Sale of Land — Option to Return — Breach — Right to Recover Purchase Money and Interest.—Where on a sale of a certain interest in real property the vendor executed a written agreement to take the land back, if requested by the purchaser, at any time after one year and within two years, and pay the purchaser ten per cent on the investment, in an action by the purchaser for a breach of the contract, a finding in her favor is sustained, where the evidence shows that at or about the expiration of one year from the making of the agreement, and upon several occasions shortly thereafter, plaintiff notified the defendant orally and in writing that she accepted the option to reconvey, and upon each occasion offered to execute a deed conveying to him the lands upon the payment to her of the amount of the original purchase price, and interest for one year at ten per cent, which defendant refused and finally repudiated the obligation; and the fact that subsequent to defendant's repudiation of the agreement, and at or about the time of the expiration of two years, plaintiff again tendered a deed, coupled with a demand for an amount more than that due, will not overthrow the finding.

Id.—Definition of Investment.—The word "investment" as commonly employed has been judicially defined to mean the putting out of money on interest in some form more or less permanent so as to yield an income; and such an agreement providing for the payment to plaintiff under certain contingencies of "ten per cent upon the investment," must be construed as an undertaking to pay annual interest at the rate named, and not merely an arbitrary augmentation of the sum received for the land.

Id.—Findings—Value of Land.—A finding that the value of the land did not at any time after the conveyance thereof exceed the sum of five hundred dollars was not vitally defective in failing to state that the value so found was the market value. The word "value," when applied to property and no qualification is expressed, means the price which the property would command in the open market, and therefore the word as used in the finding must be held to mean market value.

Id.—Measure of Damages.—The measure of the plaintiff's damages is the difference between the sum found due under the agreement and the market value of the land.

Id.—Value of Land—Opinion of Witness—Waiver of Objection.—Error, if any, in sustaining an objection to the opinion of a wit-

29 Cal. App.—44

ness concerning the value of the land in such a case is cured where the witness was afterward permitted without objection to give his opinion of the value.

ID.—VALUE OF OTHER PROPERTY—WHEN INADMISSIBLE.—The sale price of property other than that in question is not admissible in such a case where it is not shown to be similar in character and situation.

APPEAL from a judgment of the Superior Court of Santa 'Cruz County. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

George W. Hawes, and Daniel W. Burbank, for Appellant.

Charles B. Younger, for Respondent.

LENNON, P. J.—For the second time this case comes to this court upon appeal by the defendant from a judgment in favor of the plaintiff.

The action was for damages for the alleged breach of a contract to purchase real estate. Upon the first appeal the judgment was reversed because the plaintiff failed to show that she had been damaged by the alleged breach of the contract in the sum sued for or in any other sum.

The plaintiff's cause of action rests upon allegations of fact which are substantially as follows: The defendant, in consideration of the sum of eight hundred dollars, executed to plaintiff a deed dated October 31, 1908, purporting to convey to plaintiff the defendant's undivided one-half interest in certain real property situate in the county of Santa Cruz. The plaintiff has ever since been the owner in fee of the interest so conveyed to her free and clear of all encumbrances. Contemporaneously with the execution of the deed referred to the defendant made and delivered to plaintiff the following memorandum of agreement:

"Santa Cruz, Cal., October 31, 1908.

"This is to certify that I have this day sold to Henrietta S. Dean a one-half interest in a certain tract of land; Now therefore, should she so desire I hereby agree to take the land back, allowing her ten per cent on the investment, at any time after one year and within two years from this date. The party owning the other half interest is W. H. Lamb, the amount is six acres.

"(Signed): GEORGE W. HAWES."

On November 1, 1909, the plaintiff accepted the option of reconveying to the defendant the land described in the defendant's deed and memorandum of agreement of October 31, 1908, by so informing the defendant, and at the same time offered to make a deed to the property to the defendant upon the payment of the sum of eight hundred and eighty dollars, which it was alleged was the aggregate of the original purchase price plus interest for one year at the rate of ten per cent per annum.

Upon the second trial of the case the court below, among other things, found as follows: ''That after one year from the execution of said deed and of the instrument set forth in paragraph IV of the amended complaint herein, and on or about November 1, 1909, said plaintiff notified said defendant that she was desirous of accepting, and did accept the option or agreement to reconvey to said defendant the premises hereinbefore described, and offered in good faith to said defendant to execute to him a deed to the undivided half of said premises upon payment or tender to said plaintiff by said defendant of the sum of eight hundred and eighty dollars, and that said plaintiff then and there offered to convey said premises to said defendant upon the payment by said defendant to said plaintiff the sum of eight hundred and eighty dollars, and said plaintiff then and there demanded that said defendant pay to said plaintiff said sum of eight hundred dollars together with the sum of eighty dollars interest thereon; that thereafter and from time to time said plaintiff offered to execute such deed to said defendant, and demanded of him that he repay to said plaintiff said sum of eight hundred dollars together with interest thereon.

''That defendant declined and refused to accept the offer of said plaintiff or to pay said plaintiff the sum of $800, or any part or portion thereof, or any interest thereon, and declined and refused the offer of said plaintiff to reconvey said premises to said defendant.''

This finding is assailed upon the ground that it is not supported by the evidence, but is contrary thereto in the particular that it finds that the defendant refused to accept the plaintiff's offer to reconvey the property in question to the defendant upon the payment by him to the plaintiff of the sum of $880; whereas the evidence, it is claimed, shows that the plaintiff offered to reconvey only upon the condition that

the defendant pay to the plaintiff the sum of $960, which, it is insisted, was eighty dollars in excess of the sum called for by the terms of the agreement in the event that the plaintiff accepted the option contained therein.

The record contains some evidence to the effect that at or about the expiration of one year from the making of the agreement, and upon several occasions shortly thereafter, the plaintiff notified the defendant orally and in writing that she accepted the option to reconvey, and upon each occasion offered to execute a deed conveying to him the said lands upon the payment to her of the sum of $880, which aggregated the original purchase price of $800 and interest thereon for one year at ten per cent, and that the defendant upon each occasion refused to accept the plaintiff's offer, and finally repudiated any obligation on his part under the agreement.

This evidence, we think, fully sustains the finding of the trial court; and the fact that subsequent to the defendant's repudiation of the agreement, and at or about the time of the expiration of the two years provided in the agreement, the plaintiff through her agent tendered to the defendant a deed to the property, coupled with a demand for $960, will not under our construction of the agreement in question avail to overthrow the findings made upon the theory that the sum finally demanded was eighty dollars in excess of the sum required to be paid by the defendant upon the plaintiff's acceptance of the option provided for therein.

The word "investment" as commonly employed has been judicially defined to mean the putting out of money on interest in some form more or less permanent so as to yield an income. (*Savings Bank of San Diego County* v. *Barrett,* 126 Cal. 413, [58 Pac. 914].) Consequently the agreement of the defendant to pay to the plaintiff under certain contingencies "ten per cent upon the investment," if the idea suggested by the word "investment" is to be carried out, must be construed as an undertaking to pay annual interest at the rate named, and not a mere arbitrary augmentation in the sum received for the land. If the latter construction were followed, the plaintiff would receive no more upon an "investment" covering a period of two years than upon one extending over only half that length of time—a construction which appears to us to be at variance with the language used. The

sum of $960 ultimately demanded from the defendant upon the tender of the deed was the aggregate of the original purchase price and the stipulated interest thereon for two years, and was, therefore, not in excess of the terms of the defendant's agreement.

The finding of the trial court that the value of the land did not at any time after the conveyance thereof exceed the sum of five hundred dollars was not vitally defective in failing to state that the value so found was the market value. The word "value," when applied to property and no qualification is expressed, means the price which the property would command in the open market, and therefore the word as used in the finding must be held to mean market value. (*In re McGhee's Estate*, 105 Iowa, 9, [74 N. W. 695]; *Little Rock etc. Ry. Co.* v. *Woodruff*, 49 Ark. 381, [4 Am. St. Rep. 41, 5 S. W. 792].)

The finding last referred to, however, does not fully support the further finding that the plaintiff was damaged by the defendant's breach of his agreement in the sum of six hundred dollars. If the land had a market value of five hundred dollars, then the measure of the plaintiff's damage would be the difference between that sum and the sum of $960, which the court in effect found was ultimately due from the defendant. (*Dean* v. *Hawes*, 21 Cal. App. 350, [131 Pac. 885].) So measured, the plaintiff's damage under the facts found should not have exceeded the sum of $460, and therefore the findings will not support a judgment in any greater amount.

The error, if any, in the trial court's ruling sustaining an objection to the opinion of the defendant's witness Archibald concerning the value of the land, was subsequently cured when the witness without objection was permitted to give his opinion of the value.

There was no error in the ruling of the trial court refusing to permit the defendant's witness Williams to give in evidence the sum for which the Wise property sold. The objection that this particular property was not shown to be similar in character and situation to the land in controversy was well taken and rightfully sustained.

This disposes of all the points made in support of the appeal which we deem worthy of discussion.

For the reasons stated the judgment appealed from is modified by striking therefrom all in excess of the sum of $460, and as so modified it will stand affirmed.

Richards, J., and Kerrigan, J., concurred.