[Civ. No. 1971.  First Appellate District.—February 2, 1917.]

HENRIETTA S. DEAN, Respondent, v. GEORGE W. HAWES, Appellant.

APPEAL—UNDERTAKING STAYING EXECUTION—JUDGMENT AGAINST SURE-TIES—DETERMINATION OF AMOUNT—COSTS AWARDED ON FORMER APPEALS.—In entering a judgment against the sureties upon an undertaking given to stay the execution of a judgment pending an appeal, the trial court has no jurisdiction in determining the amount of the judgment to take into consideration costs which had been awarded to the appellant on two former appeals, where it is shown that proceedings to collect such former awards had been taken and were involved in another appeal yet to be determined.

APPEAL from a judgment of the Superior Court of Santa Cruz County.  B. K. Knight, Judge.

The facts are stated in the opinion of the court.

George W. Hawes, *in pro. per.,* for Appellant.

Chas. B. Younger, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff taken against W. E. Vandervort and George W. Wood for the sum of $614 in this action, in which the above persons were the sureties of the appellant herein upon an undertaking to stay execution upon a former appeal. The judgment upon such former appeal having been modified in some respects but otherwise affirmed, and the *remittitur* having issued thereon, and the appellant not having paid the amount of said judgment, the judgment creditor caused a judgment to be entered against the said sureties upon the undertaking on appeal in accordance with the terms of section 942 of the Code of Civil Procedure. The sureties have not appealed from said judgment, but the defendant, their principal, prosecutes this appeal therefrom.

It is contended by the respondent that the appeal should be dismissed for the reason that the defendant has no right of appeal from a judgment taken under said section of the code against his sureties on a former appeal. We do not deem it necessary, however, to decide this question, for the

reason that we find from the record before us that there is no merit otherwise in this appeal.

The status of this case is quite fully set forth in the decision of this court upon the former appeal. (*Dean* v. *Hawes,* 29 Cal. App. 689, [157 Pac. 558].) The judgment affirmed upon that appeal after the modification noted therein was for the sum of $460. This judgment of course carried interest upon said sum from the date of its original rendition, and also carried the costs awarded to plaintiff upon the trial of the case. These two accretions to it made up the sum of $614, for which judgment was properly entered against the sureties of appellant under section 942 of the Code of Civil Procedure. The appellant, however, insists that since he had been awarded his costs against the plaintiff upon said former appeal and also upon a still earlier appeal, these two amounts, which he asserts aggregate the sum of $214.56, should have been deducted by the trial court from the amount for which this judgment against the sureties was taken. The record discloses, however, that the defendant and appellant herein had already and prior to the taking of this judgment against his sureties instituted proceedings against the plaintiff for the collection of his two former awards of costs, and that those matters are involved in another appeal yet to come before this court. Under such conditions the trial court had no jurisdiction to deal with those matters in determining the amount of the judgment to be entered against the defendant's sureties and from which the present appeal was taken. There is no merit, therefore, in the appellant's contention upon the present appeal.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1917.