[Civ. No. 8499.   Second Appellate District, Division Two.—August 17, 1934.]

M. J. VUICH, Respondent, v. JACK P. SMITH, Appellant.

Franklin J. Cole, A. E. Crane and Richard Kittrelle for Appellant.

George I. Devor and Walter S. Hilborn for Respondent.

SCOTT, J., *pro tem.*—Respondent leased an apartment building from appellant for a ten-year term commencing in 1920, and gave appellant a chattel mortgage on the furniture to secure payment of rent. On October 9, 1925, with respondent's consent, appellant took over the active management of the apartment house, rendered accounts to respondent, but refused to turn over the building and furniture until the latter paid him the amount he claimed was due on account of rent and repairs. Respondent on January 18, 1929, brought an "action for conversion of property" and recovered judgment for $5,000 against appellant. The complaint set out the leasehold interest, valued at $2,000, and the furniture, valued at $10,000, alleged that appellant converted them to his own use without respondent's consent, on October 9, 1925, and refused to return them on demand, June 1, 1928, claiming trust and confidence on his part and fraud and deceit on the part of appellant.

At the conclusion of the trial the court found in effect: (1) that on October 9, 1925, respondent owned and possessed the leasehold interest and furniture; (2) that they were worth $5,000; (3) that appellant with intent to convert them offered to take them over and manage them for respondent's benefit; (4) that respondent trusted him and (5) allowed him to take them over; (6) that respondent had no means of knowing that appellant claimed the premises except as his agent or trustee until June 15, 1928, and (7) on that date demanded their return, which appellant refused; (8) that appellant converted the leasehold and personal property on October 9, 1925; (9) that the lease was never canceled, and (10) that respondent owed appellant no rent—together with three other paragraphs not material to this appeal.

The findings of the trial court are uncertain and contradictory in matters which are material to the determination of the case, and for that reason the judgment must be reversed. Respondent was awarded damages for the "conversion" by appellant, not only of the furniture but also of the leasehold interest, and at the same time the court made find-

ing IX: "No evidence being offered or presented that the defendant falsely and fraudulently claimed that the leasehold interest, described in finding 'I' hereof, between himself and the plaintiff had been canceled by mutual consent of the parties thereto on or about the 9th day of October, 1925, the court finds that said lease was not canceled on said date or at any time or at all." Plaintiff's action for conversion or trover was brought to recover damages for the alleged wrongful acts of defendant in connection with the furniture and the lease. ■ Conversion is any act of ownership or exercise of dominion over the personal property of another in defiance of his rights, and trover is the name usually applied to the action for damages for conversion. (24 Cal. Jur. 1021; *Dodge* v. *Meyer,* 61 Cal. 405; 65 Cor. Jur. 12.) A leasehold interest is not the subject of an action for trover or conversion (*Goldschmidt* v. *Maier,* 7 Cal. Unrep. 162 [73 Pac. 984]; *Whayne* v. *Seamans,* 95 Okl. 168 [217 Pac. 859, 864]; 65 Cor. Jur. 18), and plaintiff's action to recover damages for "conversion" of his leasehold interest was erroneously conceived.

■ Following this, however, the court found in effect that appellant was liable in damages for such "conversion" and yet was bound by the terms of this same lease. Appellant therefore had but two alternatives: To return possession of the property to the lessee or keep it as trustee for the latter. The findings of the trial court would impose on appellant all of the burdens of the original lease and at the same time compel him to pay over to respondent a sum which the court determined to be the total value on October 9, 1925, of (1) the furniture which was appellant's only security for his rent under the lease and (2) the leasehold interest. In other words, respondent was to continue to enjoy his rights under the lease notwithstanding his collection of damages for appellant's "conversion" of the same.

■ These findings are uncertain and inconsistent, and "where there are contradictory findings about matters material to the merits of the case, and the determination of which, one way or the other, is essential to the correctness of the judgment, there the judgment cannot stand. If one part of the contradictory findings would support the judgment and another part would *necessarily* upset it, then the

judgment must be reversed.'' (*Learned* v. *Castle*, 78 Cal. 454, 460 [18 Pac. 872, 21 Pac. 11].)

Under the lease, which the court found was still in force, appellant had certain rights as mortgagee of the furniture which was security for rentals yet to accrue on the lease, and for which respondent as lessee was still liable. The nature and extent of those rights should be considered by the trial court.

It appears probable that an action for an accounting would be appropriate to determine the interests of the parties here (*Goldschmidt* v. *Maier, supra*), and that they should be permitted to amend their pleadings if so advised.

Judgment reversed.

Stephens, P. J., and Desmond, J., concurred.