SHAW, P. J.
 

 Upon a judgment against defendant in the municipal court an automobile belonging to him was seized on execution, whereupon he claimed the automobile as exempt under the provisions of section 690.24 of the Code of Civil Procedure, alleging that its value was less than $100. The court, after a hearing, made an order declaring that the automobile was not exempt, from which defendant appeals.
 

 The code section above referred to exempts from execution “one motor vehicle of a value not exceeding one hundred dollars”. At the hearing on defendant’s claim it was stipulated that “the wholesale value of said automobile, that is, the amount which said automobile would bring in the open market upon a forced sale, and the amount which used car dealers were regularly paying at that time for automobiles of like kind and condition was the sum of $50.00”; and further that “the retail value, that is, the amount which persons who were buying such automobiles for their own use were paying in the open market, was the sum of $120.00”. The trial court adopted the second of these two figures as the value of the automobile, whereas defendant contends that the first, or wholesale (forced sale), value should have been accepted, and this is the only point raised on this appeal.
 

 Several of the sections of the Code of Civil Procedure relating to exemptions from execution provide for exemptions dependent upon the value of the property claimed (see secs. 690.1, 690.3, 690.6, 690.8, 690.9, 690.12, 690.17, 690.18, 690.21, and 690.24 above quoted), but nowhere in the legislation on this subject is there any definition of the word “value” as used therein, or any provision as to the matters to be considered in determining value. The question before us has not
 
 *Supp. 760
 
 been. considered in any California decision, as far as we are aware, but the word “value”, when not qualified by the context or circumstances, has often been defined as meaning “market value”, which is not what the owner could realize at a forced sale, but the price he could obtain after reasonable and ample time, such as would ordinarily be taken by an owner to make a sale of like property.
 
 (San Diego Land etc. Co.
 
 v.
 
 Neale,
 
 (1888) 78 Cal. 63, 68 [20 Pac. 372, 3 L. R. A. 83] (an eminent domain case);
 
 Santa Ana
 
 v.
 
 Harlin,
 
 (1893) 99 Cal. 538, 542 [34 Pac. 224] (also an eminent domain case) ;
 
 Wickersham Co.
 
 v.
 
 Nichols,
 
 (1913) 22 Cal. App. 731, 733 [136 Pac. 511] (word used in a bond);
 
 Dean
 
 v.
 
 Hawes,
 
 (1916) 29 Cal. App. 689, 693 [157 Pac. 558] (word used in a finding) ;
 
 Continental Rubber Works
 
 v.
 
 Bernson,
 
 (1928) 91 Cal. App. 636, 638 [267 Pac. 553] (value of goods sold);
 
 Bunnell
 
 v.
 
 Baker,
 
 (1930) 104 Cal. App. 313, 317 [285 Pac. 877, 286 Pac. 1090] (word used in an instruction) ;
 
 Yellen
 
 v.
 
 Fidelity etc. Co. of N. Y.,
 
 (1931) 115 Cal. App. 434, 441 [1 Pac. (2d) 1019] (word used in a finding);
 
 Joint Highway Dist.
 
 v.
 
 Ocean Shore R. R. Co.,
 
 (1933) 128 Cal. App. 743, 753-756 [18 Pac. (2d) 413] (another eminent domain ease).) In addition to the cases cited, see 66 Cor. Jur. 418-420.
 

 In some connections,0 as appears from Corpus Juris and from the discussion in
 
 Joint Highway Dist.
 
 v.
 
 Ocean Shore R. R. Co., supra,
 
 the word “value” may express the utility of an object, which is sometimes called the “value in use”; but obviously this meaning cannot be applied to a case, such as we have here, where it is necessary to measure the value in money. In such a case, value can be only that called “value in exchange”. The latter is market value, as already defined.
 
 (Joint Highway Dist.
 
 v.
 
 Ocean Shore R. R. Co., supra,
 
 at p. 753; Cor. Jur., loc. cit.)
 

 To avert the application of this last-mentioned definition of “value” to the statute in question, defendant refers to the well-known rule that exemptions from execution should be liberally construed so as to carry out the intention of the legislature and the humane purpose designed by the lawmaker.
 
 (Holmes
 
 v.
 
 Marshall,
 
 (1905) 145 Cal. 777, 779 [79 Pac. 534, 104 Am. St. Rep. 86, 2 Ann. Cas. 88, 9 L. R. A. 67] ; 12 Cal. Jur. 332.) But such liberality of construction should not go to the extent of doing violence to the terms of the statute.
 
 (Conlin
 
 v.
 
 Traeger,
 
 (1927) 84 Cal. App. 730, 734
 
 *Supp. 761
 
 [258 Pac. 433].) “No property is exempt unless made so by express provision of law. . . . Legislators are presumed to understand the force and effect of the language which is used and to have contemplated all circumstances which would make it desirable that other property not in the lists of exemptions should be added thereto.”
 
 (Estate of Brown,
 
 (1899) 123 Cal. 399, 401 [55 Pac. 1055, 69 Am. St. Rep. 74].) The meaning of a statute is to be determined so far as possible from its language (23 Cal. Jur. 730). If the word “value” used in the statute here had two accepted meanings, one of which was that for which defendant contends, then by the rule of liberal construction we might adopt defendant’s construction of it. (See
 
 Estate of Brown, supra,
 
 at p. 402.) .But, as appears from the authorities above cited, the meaning contended for by defendant, that is, the price which can be realized at a forced sale, is never given to the word by legal construction. The trial court correctly construed the statute. If any change in the rule be thought desirable it should be sought from the legislature rather than from the courts.
 

 The order appealed from is affirmed, respondent to recover her costs of appeal.
 

 Schauer, J., concurred.