[Civ. No. 10796. First Appellate District, Division One.—February 16, 1939.]

J. FRIEDMAN, Respondent, v. WALTER J. RENZ, Appellant.

J. G. Moser and Moser, Duncan, Seaman, Jackson & Gardiser for Appellant.

W. M. Collins and Theodore Tamba for Respondent.

GEARY, J., *pro tem.*—Plaintiff and respondent, as the assignee of William D. Spruance brought this action against defendant and appellant to recover damages for the conversion of 1203 shares of stock of Fotoloid Company, a Nevada corporation. It appears from the complaint, and the court found that on or about August 27, 1936, in San Francisco, Spruance assigned the stock in question, together with other stocks, to appellant Walter J. Renz, as collateral to secure the payment of twenty-two hundred ($2,200) dollars and interest. Thereafter, on or about December 31, 1936, Spruance tendered the above sum, with the interest due thereon to appellant and demanded the return of the stock. Appellant refused to return the stock, claiming that shortly before that date he had disposed of the same for six hundred ($600) dollars. No notice of the intended sale of the stock, nor of the sale thereof was ever given to Spruance. Shortly thereafter Spruance for a valuable consideration assigned all of his right, title and interest in said stock to respondent, who thereupon filed this action, seeking damages in the sum of seven thousand two hundred and eighteen ($7,218) dollars. The court, finding substantially in accordance with the allegations of the complaint, determined the highest market value of the stock between the date of the conversion and the trial of the action was eight thousand four hundred and twenty-one ($8,421) dollars or seven ($7) dollars per share, and deducting the sum due to appellant gave judgment for six thousand one hundred sixty-eight and 34/100 ($6,168.34) dollars.

Appellant contended upon the trial, and in his briefs filed herein that the complaint did not state a cause of action for conversion; that under the facts there had been no conversion, and assuming there had been a conversion, the recoverable damage was the value of the stock upon the date the appellant sold the same, namely, six hundred ($600) dollars. Appellant now admits the conversion of the stock, but contends there is no evidence in the record to support the finding that the stock at any time between the date of the conversion and

the trial, or any other time was worth seven ($7) dollars per share, or any sum in excess of the sum of six hundred ($600) dollars.

The evidence herein discloses that on or about August 27, 1936, at the time the stocks were pledged to appellant, the stock in question was of uncertain value, the estimate thereof ranging from fifty cents (50c) per share, by appellant, to about two ($2) dollars per share, by Spruance. At all events there was very little activity in the stock and the same was not upon the market.

It is admitted, and there is evidence to establish that on or about December 31, 1936, the market value of the stock was four ($4) dollars per share. Thereafter two blocks of stock of 3,000 shares each were sold by the corporation at $6 and $7 a share. These shares were sold under so-called "closed" permits issued by the corporation commissioner on February 9, 1937, and April 22, 1937, respectively, which imposed the following conditions: That the first lot of stock be sold to a certain named individual at $6 a share, all shares to remain in escrow with the corporation commissioner; and, that the second lot be sold to four named individuals at $7 a share, all shares to remain in escrow with said commissioner. There was never a permit for nor a sale of the stock at public sale.

In so far as the same is applicable here, Civil Code, section 3336, as amended in 1931, provides that the recoverable damages for a conversion of personal property is presumed to be the value of the property at the time of the conversion with interest, or such sum as will indemnify for the natural, reasonable and proximate result of such conversion and which a proper prudence could not have averted. In a proper case, and where the property in question is of a fluctuating value, the recovery of the highest market value therefor between the date of the conversion and the trial of the action will doubtless be the measure of damages, providing one seeking damages has acted with reasonable diligence. (*Page* v. *Fowler,* 39 Cal. 412, 426 [2 Am. Rep. 462]; *Potts* v. *Paxton,* 171 Cal. 493, 497 [153 Pac. 957]; *Bell* v. *Central Bank,* 89 Cal. App. 551, 557 [265 Pac 551].) We deem this to be the proper measure of damages herein, and means the price the stock would command in the open market. (*Dean* v. *Hawes,* 29 Cal. App. 689, 693 [157 Pac. 558].)

The stock was converted on or about December 31, 1936, when appellant failed and refused to return the stock after the tender of the principal and interest due him. (*Thompson* v. *Toland,* 48 Cal. 99, 116; *Scrivner* v. *Woodward,* 139 Cal. 314, 316 [73 Pac. 863]; *Vuich* v. *Smith,* 140 Cal. App. 453, 455 [35 Pac. (2d) 365]; *McCoy* v. *Northwestern C. & S. Co.,* 3 Cal. App. (2d) 534, 537, 538 [39 Pac. (2d) 864].) At that time there was a demand for the stock and at least two bids were made for it at four ($4) dollars per share. The evidence herein, including the testimony of appellant not only establishes the market value of the stock at the time of conversion as being four ($4) dollars per share, but that is the highest *market* value established by the evidence. The price at which a thing is sold may be either some indication of its value or of faulty judgment upon the part of the purchaser. In view of the testimony of the circumstances surrounding the sales at six and later at seven dollars per share, the evidence falls far short of establishing the prices paid thereat as the *market* value of the stock. (*Marriner* v. *Dennison,* 91 Cal. 555, 559 [27 Pac. 927, 1091]; *Fairchild etc. Co.* v. *Southern Ref. Co.,* 158 Cal. 264, 271 [110 Pac. 951]; *Murray* v. *Southern Pac. Co.,* 112 Cal. App. 150, 155 [296 Pac. 667].) There is no evidence whatsoever warranting the conclusion that Spruance could have disposed of his stock for either six ($6) dollars or seven ($7) dollars per share.

Respondent herein is entitled to recover damages pursuant to his election at the trial, upon the basis of the highest market value of the stock between the date of conversion and trial, namely at four ($4) dollars per share, less the sum of twenty-two hundred and fifty-two and 66/100 ($2,252.66) dollars heretofore tendered the appellant. It is ordered, therefore, that the judgment be modified by reducing the amount thereof to $2,559.34 and as so modified the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.